MILLER *et al. vs.* SPEIGHT.

1. A writ of error returnable by law to the August term of the supreme court, will not be dismissed for a misdescription of the term in the bill of exceptions and in the judge's mandate to the clerk, the misdescription consisting in writing July term, instead of August term.
2. Though the existence of a will be proved by parol without objection, the presumption, until the will is produced, is, that the realty goes where the law casts it.   To disturb the ordinary course of descent the disherison of the heir must affirmatively appear ; and to effect disherison, there must be a devise to some other person.
3. When the court has erroneously ruled out evidence without which the plaintiff could not possibly recover, his failure to go on and prove other essential facts, will not cure the error and sanctify a judgment of non-suit.

Practice in the Supreme Court.   Wills.   Presumption. Practice in the Superior Court.   Non-suit.   Before JAMES H. GUERRY Esq., Judge *pro hac vice.*   Clay Superior Court. March Term, 1878.

The heirs-at-law of John Miller brought ejectment against Speight for land. The plaintiffs showed a complete chain of title from the state to John Miller.

On the cross-examination of one of the plaintiffs, Joseph Miller, he testified that his father, John Miller, left a will at his death. He was asked if Miller's children recognized it as his will? To this question plaintiffs objected, but the court permitted it answered. The witness answered that they did.

Defendant then moved the court to exclude all testimony as to who were the heirs-at-law of John Miller. The motion was sustained.

The witness testified further, that after their father's death, the children came together and divided the property he had been in possession of, but that there was no division of the lot in controversy.

Plaintiffs proposed to prove that the children agreed to set aside the will and to divide the property equally. This the court refused to permit. They proposed to ask the witness whether the lot in controversy was bequeathed by the will, and whether it had been probated and admitted to record? On objection, both questions were excluded.

Plaintiffs moved to amend the declaration by adding the names of the same persons as devisees under the will of John Miller. This the court permitted.

Counsel for plaintiffs then stated that they had never heard of any will until then, and asked a continuance in order that they might obtain it. This the court refused.

They then stated that under the rulings of the court they would have to submit to a non-suit, and the court so ordered.

They assign error as follows:

1. That the court erred in excluding the testimony as to who were the heirs-at-law of John Miller.

2. That the court erred in refusing to allow the witness, Joseph Miller, to state whether the will conveyed the lot in controversy, and whether it had been probated and recorded.

3. That the court erred in admitting proof that there was a will, and in excluding evidence as to who were the heirs.

4. That the court erred in overruling the motion for a continuance.

When this case was called, counsel for defendant moved to dismiss the writ of error because, under the certificate of the judge *pro hac vice*, the writ was made returnable to the July term, 1878, of this court, when, in fact, there was no such term. The motion was disposed of as indicated in the first head-note.

HERBERT FIELDER; R. E. KENNON, for plaintiffs in error, cited Code, §§2246, 2483.

A. HOOD; JNO. T. CLARKE & SON; J. C. WELLS, for defendant, cited Code, §§2246, 2485, 2445.

BLECKLEY, Justice.

1. The motion to dismiss the writ of error is controlled adversely to the movant by 20 *Ga.*, 531.

2. It was error for the court to exclude evidence as to who were the heirs-at-law of John Miller. The plaintiffs claimed to be such heirs, and had a right to prove it, and to keep the proper evidence of their heirship before the court and jury. The existence of a will made no difference, nor did their recognition of the will. No will was produced, nor was there any evidence of its contents, or that it had been admitted to probate. To disturb the ordinary course of descent of realty, the disherison of the heirs-at-law must affirmatively appear; 12 *Ga.*, 156; 15 *Ib.*, 152. Until a will is produced which breaks the course of descent, the presumption is that the realty goes where the law casts it. There was no evidence that any executor under the will had ever qualified, or that there was, or ever had been, any representative of the estate. If John Miller died seized, and the plaintiffs were his heirs-at-law, they had a *prima facie* case for recovery, so far as title was concerned.

3. Granting that under sections 2246 and 2485 of the Code, the burden was upon the plaintiffs to prove either that the estate was unrepresented, or that the representative consented to the bringing of this action, they were not obliged to offer evidence to these matters after the court had shut out all evidence that they were the heirs of John Miller. With a mortal wound in the vitals of their case, inflicted by an erroneous ruling of the court, there was nothing which they could do for it that would save it from expiring before their eyes. To support its extremities when it was doomed at the center, was useless for any purpose except to render it a more impressive corpse.

Judgment reversed.