## VAUGHN *et al.* v. BURTON.

1. Where plaintiffs in ejectment claim under a deed made pursuant to an award which was made the judgment of the superior court, and the deed is shown to be lost, it is error to refuse to admit in evidence properly certified copies of the award, judgment, and deed, when the same appear to be regular, and the award and judgment appear to have been rendered in a case in the superior court having jurisdiction thereof. In such a case it is not necessary that the record of the entire proceedings should be introduced ; nor, when the plaintiffs are expressly named in the deed as grantees and as heirs general of a certain person, is it necessary, because the judgment was in favor of such heirs general, for the plaintiffs to show their relation to that person in order to render such papers admissible.

2. " When the court has erroneously ruled out evidence without which the plaintiff could not possibly recover, his failure to go on and prove other essential facts will not cure the error and sanctify a judgment of nonsuit."

Submitted March 2,—Decided March 27, 1901.

Complaint for land. Before Judge Reese. Elbert superior court. March 16, 1900.

*I. C. Van Duzer* and *C. P. Harris,* for plaintiffs.

*W. D. Tutt* and *T. L. Adams,* for defendant.

SIMMONS, C. J.   In the year 1899 complaint for land was brought by Jane Vaughn, Emma P. Vaughn, and Nancy Seymour against Mary Burton, to recover three-sevenths undivided interest in certain described real estate.   The plaintiffs introduced evidence that they were the children of Grayanna Vaughn, and that the latter was dead.   They then proved that the original deed, which was made by Deadwyler, administrator, to Grayanna Vaughn and her children, which covered the land in dispute, and under which the plaintiffs claimed, was lost and could not be found by diligent search. They then offered in evidence " a certified copy of the alleged lost deed, taken from the records, together with a certified copy of an award taken from the minutes of the superior court of Elbert county, and the judgment of the court thereon, the latter being offered as a muniment of title."   The award offered in evidence was entitled in the case of " John P. Vaughn, original plaintiff but now deceased, and Grayanna Vaughn, adm'x, complainant, *vs.* Martin Deadwyler and John G. Deadwyler, adm'r of Henry R. Deadwyler deceased. Bill in equity for discovery, relief, and injunction.   March term, 1850."   Then followed the words: " Ordinary's office, Elbert county, March 17th, 1860.   The arbitrators, according to previous notice and the consent of all the parties, met, at the time and place above mentioned, the arbitrators being sworn according to law, the above-stated case was called for trial, and, after hearing testimony, and investigating said case and considering the same, they made the following decision."   Then came the award of the arbitrators, finding, among other things, that John G. Deadwyler, administrator of Henry R. Deadwyler deceased, should convey a certain tract of land " to the heirs general of John P. Vaughn deceased."   The judgment of the court was entitled in much the same way, and after reciting that the award had been made and returned to the court, ordered that it be entered on the minutes and made the judgment of the court.   The judgment was signed by " Thos. W. Thomas, J. S. C. N. C."   The copy of the award and judgment was properly certified by the clerk of Elbert superior court as being a correct transcript from the minutes of that court.   The deed offered in evidence was signed and sealed by John G. Deadwyler, administrator, and dated April 3, 1860.   The names of two witnesses appeared, one of

them being a notary public. The deed was executed in Elbert county, Georgia, and recited the award and the judgment thereon, stating that the case was on the equity side of the superior court of Elbert county. By this deed the land described in the award was conveyed to the heirs general of John P. Vaughn deceased, who were named as " Grayanna Vaughn, widow of John P. Vaughn, late of said county, deceased, Pearson Duncan and Sarah, his wife, formerly Sarah Vaughn, William Graham and Elizabeth, his wife, formerly Elizabeth Vaughn, Jacob Graham and Mary, his wife, formerly Mary Vaughn, Marshall Seymour and Nancy, his wife, formerly Nancy Vaughn, Jane Vaughn, and Emma P. Vaughn, all the heirs general of said John P. Vaughn deceased." To the introduction in evidence of the certified copies of the award, judgment, and deed defendant objected. The court sustained the objection, and the proffered evidence was rejected. The plaintiffs then closed their case, and the court granted a nonsuit. To the exclusion of the evidence and to the grant of the nonsuit the plaintiffs excepted.

1. In our opinion the trial judge erred in refusing to allow the introduction in evidence of the award, judgment, and deed offered by the plaintiffs. The defendant's counsel contended that this evidence was inadmissible, but we think that the reasons urged are not sufficient to justify its exclusion. That the recovery was by the administratrix, and the land assets in her hands for settling the estate, we can not agree; for the deed, following the award and judgment, conveyed the land directly to the named heirs. Nor do we think that it was necessary or proper that the judgment should have been accompanied "by a complete transcript of the entire record of the case." It was only necessary to show the existence and contents of the judgment, and this may be done without introducing a copy of the record of the entire proceeding. *Little Rock Cooperage Co.* v. *Hodge*, 112 *Ga.* 521. It was urged that the plaintiffs failed to show that they were heirs general of John P. Vaughn, and could therefore claim nothing under the deed and judgment. Inasmuch as the deed names them among such heirs and expressly conveys the land to "the said heirs general," their heirs and assigns, we think it was not necessary that they should prove themselves to be among the heirs. It was also urged that the award showed that it was made in the court of ordinary, because it was captioned as above stated. We think that the mention of the ordinary's of-

fice and the date, March 17, 1860, followed by the recital that the arbitrators met "at the time and place above mentioned," meant simply what it said: that the arbitrators met at the ordinary's office to try the case.   The award and judgment are both entitled as being in an equitable proceeding for injunction, etc., and in this State there is no court other than the superior court which can grant affirmative equitable relief.   The award also appears to have been made in a case in Elbert county, Georgia, and the judgment was signed by the judge of the superior court.   Further than this, the clerk of the superior court of Elbert county certifies that the copy of the award and judgment was taken "from the minutes of Elbert superior court." These things, considered all together, clearly show that the judgment was rendered in the superior court, and not in the court of ordinary.   For these reasons we think the evidence was admissible, and that the court erred in rejecting it. Even were we wrong as to what has been said above, the evidence would still have been admissible as color of title.

2.  It was argued that, even if the evidence rejected had been admitted, the nonsuit would still have been proper, because the plaintiffs failed to show what was the amount of their interest, or that they had ever been in possession.   The amount of their interest is a matter to be determined from the deed under which they claim, and a failure to show as large an interest as was claimed would not justify a nonsuit as to the interest shown as well as to that which they failed to show.   Nor do we think that we can affirm the nonsuit on the ground that the plaintiffs failed to show possession in themselves or in their grantor.   They claimed under the muniments of title which the court rejected, and it would have been useless, if not improper, for them to have tried to perfect their claim under the judgment and deed after the same had been excluded from evidence.   This court has several times ruled that where evidence is erroneously rejected which could not, if admitted, have changed the result, its rejection will not work a new trial.   These rulings, however, related to the question as to whether the evidence excluded could, if admitted, have disproved some fact established by the other evidence in the case, and did not deal with the question as to whether a party should complete or perfect his evidence on an issue after the judge has erroneously ruled out his principal evidence without which he could not recover or make out his case.   As to

this matter, the case is controlled by the decision in *Miller* v. *Speight*, 61 *Ga.* 460, from which our second headnote is quoted. In that case Judge Bleckley said: " Granting that  . . the burden was upon the plaintiffs to prove either that the estate was unrepresented or that the representative consented to the bringing of this action, they were not obliged to offer evidence to these matters after the court had shut out all evidence that they were the heirs. . . With a mortal wound in the vitals of their case, inflicted by an erroneous ruling of the court, there was nothing which they could do for it that would save it from expiring before their eyes. To support its extremities when it was doomed at the center was useless for any purpose except to render it a more impressive corpse."

*Judgment reversed. All the Justices concurring.*