## McCONNELL BROTHERS v. JONES NAVAL STORES COMPANY.

1. When a petition brought to enjoin a trespass contains allegations sufficient to show that the damage would be irreparable, it is not necessary to allege or prove that the defendants are insolvent.
2. The evidence, though conflicting, was sufficient to support the findings of fact made by the judge, and the judgment granting an interlocutory injunction will not be disturbed.

Submitted March 3, — Decided May 14, 1906.

Injunction. Before Judge Spence. Dougherty superior court. January 17, 1906.

The Jones Naval Stores Company filed a petition for injunction and other relief against G. B. D. McConnell and C. H. McConnell, and alleged: On September 4, 1905, petitioner leased from one Powell a certain tract of timber land for turpentine purposes. After the execution of the lease the McConnells entered upon the property and began boxing the trees thereon. It was alleged that the McConnells were trespassers, and that the injury which would

result from their acts was irreparable in its nature and could not be estimated, petitioner having expended a large sum in equipping a plant, and the number of trees boxed being impossible of ascertainment. The defendants set up, in their answer, that in the fall of 1904 Powell verbally agreed to lease to them the property in dispute, for a stated consideration, and they thereupon paid him $200 as part of the sum due. Petitioners had notice of this transaction, and induced Powell to accept a greater sum and execute a lease to them covering the property. Defendants prayed that the lease to petitioners be canceled, and that Powell be required to execute a lease to defendants in conformity with his agreement. After a hearing the injunction was granted, upon condition that the petitioners give bond, in the sum of $2,000, to answer any judgment that defendants might recover against them. The defendants excepted.

*Benton Odom* and *Walters & Walters*, for plaintiffs in error.

*Crosland & Jones*, contra.

COBB, P. J. (After stating the foregoing facts.) The averments of the petition, which was properly verified, were sufficient to make a case of irreparable damage. *Camp* v. *Dixon*, 112 *Ga.* 872. Such being the case, neither an allegation of insolvency nor a showing that the plaintiff had a perfect paper title was necessary. The answer, which was also properly verified, denied nearly all of the material allegations of the petition. The evidence in the affidavits produced at the hearing was conflicting. There was no abuse of discretion in granting the interlocutory injunction, upon the condition required. Even if the averments of the answer were sufficient to authorize the granting of an injunction at the instance of the defendants, there was no prayer in the answer for such relief. In *Johnson* v. *Hall*, 83 *Ga.* 281, there was a prayer for injunction by each party. *Judgment affirmed. All the Justices concur.*