LEWIS, ROBINSON & CO. *v.* HUTCHINSON.

BECK, J. 1. The evidence authorized the court to find and hold that the acts of trespass set forth in the plaintiff's petition would result in irreparable damage.  *Camp* v. *Dixon,* 112 *Ga.* 872; *Massee-Felton Lumber Co.* v. *Simmons,* 122 *Ga.* 297.

2. The cutting of timber may be enjoined when the defendant is solvent and the plaintiff has not a "perfect title" as required in certain cases by the Civil Code, §4927, provided the damages are irreparable, and the circumstances are such as to indicate that the trespasses are constantly recurring and likely to involve a multiplicity of suits. Hence the court did not err in refusing to dismiss the plaintiff's petition, which alleged the above facts, on the ground that "there was no legal abstract of title attached to said petition."  *Smith* v. *Smith,* 105 *Ga.* 106; *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342.

3. Several assignments of error in the bill of exceptions complain that "plaintiff offered in evidence the affidavit of [a named witness], as shown by the brief of evidence, which was objected to by plaintiff in error on the ground that [stating the objection made thereto], which objection was overruled by ·the court." As has been repeatedly ruled by this court, such an assignment of error is fatally defective, in that the evidence alleged to have been illegally admitted is not set forth either literally or in substance, and is only referred to as being contained in the brief of evidence; and the objection was made to the evidence as a whole, part of which at least was admissible, and failed to point out the inadmissible portion. *White* v. *Moss*, 92 *Ga.* 244; *Pearson* v. *Brown*, 105 *Ga.* 802; *Ray* v. *Camp*, 110 *Ga.* 818.

4. One ground of the defense set up in the court below consisted in the allegation that the defendants were entitled to the timber in controversy under the terms of a certain lease; but the brief of evidence contains only a description of the lease, which is altogether insufficient to show the nature and legal effect of that instrument; and it is, therefore, impossible for this court to determine from the evidence how the issue thus made should have been decided. *Fagg* v. *Donaldson*, 77 *Ga.* 691; *Whelchel* v. *Duckett*, 91 *Ga.* 132.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided March 1, 1907.

Injunction.    Before Judge Mitchell.    Berrien superior court. February 18, 1906.

Hattie Hutchinson, administratrix of the estate of J. T. Dobson, sought an injunction to prevent Lewis, Robinson & Company from cutting and boxing for turpentine purposes the pine timber on certain land. Her petition alleges, that the estate of plaintiff's intestate owns the land in fee simple, and the defendants have no right or title to the timber or turpentine privileges on the same; that in January, 1906, the defendants entered on the land and cut turpentine boxes in the pine trees thereon, and that they continue to do so, with the avowed intention of working the same for turpentine during the years 1906, 1907, 1908; that the trespass referred to "is a continuous one, and will continue, if not stopped, until said boxes are worked out, and will cause a multiplicity of suits;" that "the damage to said timber . . is irreparable, the same being . . reserved for a grove and shade trees, and not for commercial uses, . . and it will lose all value, which value is only in connection ·with the homestead as a grove, by its being thus cut and worked;" and that "the cutting of said boxes is an irreparable damage to the estate petitioner represents, . . petitioner's estate having on it several farms, and a great many cattle and

hogs which are dependent upon the grazing upon said lands, and which lands will be greatly impaired for grazing by the falling and dying of the timber, as the effect will be to denude the land and make it practically unfit for grazing, and will render the damage consequent therefrom incalculable; this dying and falling of the timber also has a tendency to make the land more arid, and hence less fit to farm upon." The defendants in their answer admit that title to the land is in the estate of the plaintiff's intestate, and that they entered upon certain portions of the land as alleged in the petition, but they allege that they are the owners of the timber and are entitled to cut and box it for turpentine purposes, by virtue of a lease executed by the plaintiff's intestate in 1901 to S. B. Pierce, which was transferred to the defendants; they allege that they are solvent, and deny that the damages complained of are irreparable.

The brief of the evidence introduced at the hearing of the application for injunction contains several affidavits, and recites that "defendants in the court below introduced in evidence the following: Timber lease from J. T. Dobson to S. B. Pearce, dated December 26th, 1901, recorded December 26, 1905, in book L, page 536, covering all and singular the timber suitable for turpentine purposes growing on parts of lots of land Nos. 512, 513, 514, in the 9th district of Berrien Co., Ga.," and that the defendants introduced subsequent conveyances described, "covering the lease mentioned," by which the rights under the lease passed to them. The court granted the injunction prayed for, and the defendants excepted, assigning as error the judge's refusal to dismiss the plaintiff's petition on the ground that "no legal abstract of title" was attached to it; the admission in evidence of certain affidavits introduced by the plaintiff; and the judgment granting the injunction.

*Watts & J. W. Powell,* for plaintiff in error.
*Buie & Knight,* contra.