## Anderson v. Thompson.

Reid, Chief Justice. 1. An injunction may issue in this State to restrain the cutting of timber, although the plaintiff may not have "perfect title" as provided for in the "timber-cutter's act" (Code, § 55-204), where the damages would be irreparable, or where the trespass is a continuing one. *Camp* v. *Dixon*, 112 *Ga.* 872 (38 S. E. 71, 52 L. R. A. 755); *Gray Lumber Co.* v. *Gaskin*, 122 *Ga.* 342 (50 S. E. 164); *McConnell* v. *Jones Naval Stores Co.*, 125 *Ga.* 376 (54 S. E. 117); *Wethington* v. *Baxter*, 124 *Ga.* 1024 (53 S. E. 505); *Bainbridge Farm Co.* v. *Ball*, 165 *Ga.* 582 (141 S. E. 647); *McRae* v. *Smith*, 164 *Ga.* 23 (137 S. E. 390); *Hart* v. *Lewis*, 126 *Ga.* 439 (55 S. E. 189); *Lewis* v. *Hutchinson*, 127 *Ga.* 789 (56 S. E. 998). The allegations were sufficient to show title in the plaintiff, and to authorize an injunction under the principles above stated. The court did not err in overruling the general demurrer.

2. It does not appear that the judge abused his discretion in restraining

both parties "from changing the present status of said timber and land," pending final determination of the question of title between them.

*Judgment affirmed. All the Justices concur.*

No. 13783. July 9, 1941. Rehearing denied July 23, 1941.

*Weir S. Gaillard,* for plaintiff in error.

*G. Fred Kelley* and *E. C. Brannon,* contra.