PAYNE *v.* NIX *et al.*

No. 13829. OCTOBER 15, 1941.

*C. H. Edwards, E. D. Kenyon,* and *Wheeler, Robinson & Thurmond,* for plaintiff.

*A. H. Henderson, Boyd Sloan,* and *Joe K. Telford,* contra.

JENKINS, Justice. 1. In this suit for an injunction and other relief, the plaintiff could have sustained his prayer to enjoin the cutting of timber by showing possession as hereinafter indicated, or a prescriptive title, or a perfect paper title, based entirely on papers capable of being recorded and requiring no extraneous evidence to supply or cure defects, or a title which was good when perfected by such evidence. Under the Code, § 55-204, where a perfect *paper title* as thus defined is shown, an injunction may be granted against the cutting of timber or boxing or working it for turpentine purposes, without proof that the defendant is insolvent or that the damages would be irreparable. *Morgan* v. *Baxter,* 113 *Ga.* 144, 147 (38 S. E. 411) ; *Dixon* v. *Monroe,* 112 *Ga.* 158 (37 S. E. 180), and cit.; *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (50 S. E. 164). But even though the plaintiff fails to show a perfect paper title, if he shows a good title (*McArthur* v. *Matthewson,* 67 *Ga.* 134, 143 ;

8

*First National Bank of Gainesville* v. *Harmon*, 186 *Ga.* 847 (2),
199 S. E. 223), he may, under the Code, § 55-104, be entitled to an
injunction, not only if "the injury shall be irreparable in damages,
or the trespasser shall be insolvent," but if other circumstances ex-
ist which, in the discretion of the court, render the writ necessary
and proper, among which is the avoidance of circuity and multi-
plicity of actions, or where it is impossible to prove the amount of
the damages growing out of the trespass. Among the general prin-
ciples of equity applicable to the grant of injunctive relief against
trespasses, equity will enjoin even a solvent trespasser from com-
mitting repeated and continuous trespasses. *Kirkland* v. *Odum,*
156 *Ga.* 131, 135 (118 S. E. 706) ; *Anderson* v. *Thompson,* 192 *Ga.*
570 (15 S. E. 2d, 890), and cit.; *Moore* v. *Daugherty,* 146 *Ga.* 176
(91 S. E. 14) ; *Couey* v. *Talalah Estates Cor.,* 183 *Ga.* 442, 445
(188 S. E. 822) ; *Atlantic Coast Line R. Co.* v. *Gunn,* 185 *Ga.* 108,
110 (194 S. E. 365).

(*a*)   The plaintiff failed to make out his case on the theory of
a perfect title, under the Code, § 55-204, since one of the deeds in
his alleged and proved chain of title was from the alleged "sole
heir at law" of a deceased predecessor in title, and parol evidence
was necessary to prove this essential fact. *Price* v. *Brown,* 143 *Ga.*
671 (1) (85 S. E. 870) ; *Dixon* v. *Monroe,* supra. Since the plain-
tiff thus failed to show a perfect paper title or any basis for equi-
table relief, he was not relieved from showing insolvency on the
part of the defendants; and the grant of a nonsuit would have
been proper, except for the application of the rule of law dealt with
in paragraph 3, subsection (a) of this opinion.

2.   The plaintiff failed to make out his case on the theory of
prior possession. Although one may "in ejectment  .  .  recover
the premises in dispute, upon his prior possession alone, against one
who subsequently acquires possession of the land by mere entry and
without any lawful right whatever" (Code, § 33-102; Powell on
Actions for Land, 387-396, §§ 298-301, and cit.), yet in such a suit,
in order to put the defendant on proof of his own title or require
him to negative any unlawful character of his possession, the plain-
tiff must show either a prior unabandoned possession in himself, or
such prior possession of a predecessor in title, in which latter case
he must show "prior possession of such predecessor and a deed from
him to the plaintiff, or to some one under whom the plaintiff

claims, while the grantor therein was in actual possession." *Priester* v. *Melton,* 123 *Ga.* 375 (3) (51 S. E. 330); *Delay* v. *Felton,* 133 *Ga.* 15 (3) (65 S. E. 122). Accordingly, the plaintiff could not, under the evidence, have recovered on his mere prior possession, since the only possession proved was that of an alleged predecessor in title, which was long before the execution of the deed from such predecessor. On this theory of the plaintiff's case, the grant of a nonsuit was not erroneous.

(*a*) Since, in order for a plaintiff to claim under prior prossession by a predecessor in title, the possession of such predecessor must be linked with the claim of the plaintiff by a proper muniment of title, and since in the instant case a necessary intermediate deed was excluded from evidence, the plaintiff could not have recovered on the theory of prior possession alone, for this additional reason. For the same reason, he could not have recovered on the theory of seven years possession under color of title. Whether such deed was illegally excluded presents another and different question, hereinafter dealt with.

3. The remaining questions are, whether the plaintiff proved or offered to prove by erroneously excluded evidence a good title; whether, even if such evidence was admitted or offered, the grant of a nonsuit must be affirmed for the reason contended by the defendants, that, irrespective of the proof as to a good title, the plaintiff failed to prove the additional essential facts of trespass, insolvency, or damages; or whether, as contended by the plaintiff, the erroneous exclusion of his evidence as to a good title obviated the necessity of proving what would otherwise have been necessary to obtain an injunction. The contention of the defendants is without merit:

(*a*) Since under the ruling in *Miller* v. *Speight,* 61 *Ga.* 460 (3), 463, which was followed in *Vaughn* v. *Burton,* 113 *Ga.* 103 (38 S. E. 310), *Proctor & Gamble Co.* v. *Blakely Oil &c. Co.,* 128 *Ga.* 606 (57 S. E. 879), and *Georgia Iron Co.* v. *Ocean Accident Cor.,* 133 *Ga.* 326 (2), 331 (65 S. E. 775), "when the court has erroneously ruled out evidence without which the plaintiff could not possibly recover, his failure to go on and prove other essential facts will not cure the error and sanctify a judgment of nonsuit." This rule will be given application in all cases where the record does not show on its face that the plaintiff was not entitled to recover.

The excluded deed from an alleged "heir at law," taken with

other evidence introduced by the plaintiff, being such as to show a prima facie good title, and such excluded deed being vital to his case, and all of the evidence in no wise showing that the plaintiff was not entitled to recover, the judgment of nonsuit will not be affirmed because of the absence of additional proof as to insolvency, a continuing trespass, or other ground for the interference of equity.

4. In accordance with the above rulings, it becomes necessary to pass upon the exceptions to the exclusion of the plaintiff's muniments of title. The excluded deed, which was executed about ten years before the trial, recited that the grantor was the sole heir at law of a decedent. The proof showed that the grantor was the wife of the decedent, who had died twelve or fifteen years before the trial, and left no children. Under this evidence, and without the necessity of showing the absence of a will or administration, it was error to exclude the deed on the objection that it had not been shown that title passed into her, since the widow as sole heir at law prima facie took title to the land, which had been owned by the decedent and which was conveyed by the deed. *Miller* v. *Speight,* supra; *Johnson* v. *Champion,* 88 *Ga.* 527, 528 (15 S. E. 15) ; Code, § 113-903; Powell on Actions for Land, 356, § 280. The decisions by this court to the effect that heirs at law can not maintain a suit for land in their own names unless they show that there was no administration of the estate, or that the administrator, if there was one, assented to the bringing of the suit (*Greenfield* v. *McIntyre,* 112 *Ga.* 691, 38 S. E. 44; *Strickland* v. *Fender,* 142 *Ga.* 132 (2), 82 S. E. 561; *Smith* v. *Smith,* 141 *Ga.* 629 (3), 81 S. E. 895), do not conflict with the ruling in the *Miller* case, supra, to the effect that prima facie title to land is in the heir at law of a decedent. Especially would this be true after a long lapse of time, such as in this case, since the death of the decedent and the execution of the deed by his heir at law; and the decisions cited as to suits by heirs at law have no application to an action such as that under review, to which heirs or creditors are not parties and would not be bound by the judgment rendered.

5. Exception is taken to the exclusion of an execution in favor of one of plaintiff's predecessors in title, with a judgment in rem against the land, and assignments on the back of the instrument to other predecessors, executed by alleged attorneys of record for the

plaintiff in fi. fa., and by corporations through alleged officers, upon objections that there was no proof that the attorneys were attorneys of record for the plaintiff in fi. fa., and no proof of authority of the alleged corporate officers, and no seal of the corporations on the assignments. Such evidence, even if relevant, was not essential to the plaintiff's title, and was properly excluded on the objections taken. See *Taylor* v. *Hartsfield,* 134 *Ga.* 478 (3) (68 S. E. 70) ; *Bank of Garfield* v. *Clark,* 138 *Ga.* 798, 801 (76 S. E. 95) ; *Jenkins* v. *Boone,* 144 *Ga.* 44 (85 S. E. 1042) ; *Bale* v. *Todd,* 123 *Ga.* 99 (3) (50 S. E. 990).

6. Under the ruling in paragraph 4, the judgment granting a nonsuit was improper.

*Judgment reversed. All the Justices concur.*