37095. CITY OF EAST POINT *v.* ALLISON.

DECIDED APRIL 17, 1958.

*Phillips, Johnson & Shoob, Ezra E. Phillips,* for plaintiff in error.

*Lewis & Lewis, T. J. Lewis, Jr.,* contra.

QUILLIAN, Judge. 1. The petition alleges: that as a result of the grading there is a drop-off of approximately seven or eight feet in front of the plaintiff's house; that as a result of the grading he no longer has the use of his driveway because there is a drop-off of approximately four feet from the remaining driveway to the sidewalk; that as a result of this grading the market value of his property has been diminished.

The defendant insists it is not liable for this damage because Sec. 172 of an act amending the charter of the City of East Point (Ga. L. 1957, p. 2429), provides: "Costs assessed against abutting or other property and the owners thereof for sewers, sidewalks, streets or street curbing shall, except as otherwise provided by this Act, include all costs of such improvement, including necessary engineering, surveying, ditching, back filling, grading, blasting, dynamiting, pipe, and all other labor and materials, and shall include tearing up and reconstruction, repaving, repairing, and replacing of sewers, streets, sidewalks and street curbing, and extending, relocating, and regrading for any of these, to the private property line of the property assessed."

While it is true the act provides that the property and its owner are responsible for the construction cost of the sidewalk and other work done which is necessary, this act does not and could not give the city authority to either take or damage private property without just and adequate compensation. Code (Ann.) § 2-301.

Under authority of *Mayor &c. of Americus v. Phillips,* 13 *Ga. App.* 321 (79 S. E. 36), *City of Atlanta v. Due,* 42 *Ga. App.* 797 (157 S. E. 256), *City of Atlanta v. Green,* 67 *Ga.* 386, *City of Atlanta v. Word,* 78 *Ga.* 276, *City of Clarksville v. McMillan,* 143 *Ga.* 335 (85 S. E. 110), and *Sheppard v. Ga. Ry. & Power Co.,* 31 *Ga. App.* 653 (121 S. E. 868), the petition alleged facts sufficient to support a cause of action for the taking or damaging of private property for public purposes without just and adequate compensation being first paid.

The judge did not err in overruling the general demurrer to the petition.

*Judgment affirmed.  Felton, C.J., and Nichols, J., concur.*