## 37436. ALLISON *v.* CITY OF EAST POINT.

DECIDED NOVEMBER 6, 1958.

*Lewis & Lewis, T. J. Lewis, Jr.,* for plaintiff in error.
*Phillips, Johnson & Shoob,* contra.

QUILLIAN, Judge. 1. The plaintiff insists that the trial judge erred in excluding a certain letter offered in evidence by the plaintiff. The judge ruled the letter out on the ground that it did not constitute legal notice to the municipality of the plaintiff's claim for damages. In the original petition the plaintiff alleged: "That on May 31, 1957, by and through his attorney, he gave written notice to the defendant, as provided by law, and attached to the original petition, as Exhibit A to said petition and as part of said petition, a copy of said letter." The

defendant filed a general demurrer to the petition which was overruled by the trial judge and this ruling was affirmed by this court in *City of East Point* v. *Allison,* 97 *Ga. App.* 499 (103 S. E. 2d 664). Notice. being one of the essentials of the action, the judgment of this court affirming the overruling of the demurrer had the effect of holding that the notice to the city was sufficient, and became the law of the case. In view of this, previous ruling the judge erred in excluding this evidence.

2. The plaintiff also excepts to the granting of a nonsuit. The letter in which notice was given being improperly excluded this case is controlled by the ruling in *Richardson* v. *Milikin,* 204 *Ga.* 885 (3) (52 S. E. 2d 451), "The plaintiff having sought to prove title under a deed which was essential to his case, but a certified copy of which was improperly excluded, the judgment granting a nonsuit must be reversed regardless of whether the evidence was in other respects sufficient to prove the case as laid in the petition. *Payne* v. *Nix,* 193 *Ga.* 4 (17 S. E. 2d 67)."

The trial judge erred in granting the nonsuit.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*