### 22138. ELLIS v. GEORGIA KRAFT COMPANY.

QUILLIAN, Justice. This was an equitable action to enjoin the cutting of timber on the petitioner's land. Georgia Kraft Company brought suit against Jim Ellis in Floyd Superior Court and alleged in its amended petition: that the plaintiff is the owner and in possession of certain described lands in Polk County; that such property was conveyed to it by deed dated in 1956 and recorded that same year in the deed records of Polk County; that besides holding title by purchase under the deed the plaintiff has been in continuous adverse possession of the property, under written evidence of title, for more than seven years; that within the last three months the defendant has entered upon said lands and has removed painted boundary markers and metal ownership signs placed there by the plaintiff; that on March 11, 1963, the defendant's agent gave oral notice to the plaintiff that on March 12, 1963 (the day the petition was filed), the defendant would enter upon the lands of the plaintiff and cut timber.

It was further alleged: that previous trespasses of the defendant

have damaged the plaintiff's lands and the threatened trespass will, if carried out, do irreparable damage; that the lands are used as forest lands for raising timber and the cutting of timber thereon would destroy its value for timber raising purposes and would denude the land of timber; that the trees cut would require more than 30 years to replace; that such damage is not ascertainable in terms of money; that the trespass and cutting is imminent and, upon information and belief, will be started immediately and continued unless the defendant be enjoined. The prayers were for a rule nisi, a temporary and a permanent injunction.

The defendant filed his demurrers both general and special and excepts to the judgment of the trial judge in overruling the demurrers on each and every ground. *Held:*

1. An injunction may issue in this State to restrain the cutting of timber, although the plaintiff may not have "perfect title" as provided for in the "timber cutter's Act" (*Code* § 55-204), where the damages would be irreparable, *Anderson v. Thompson,* 192 Ga. 570 (1) (15 SE2d 890), or where the trespasser is insolvent or if other circumstances exist which, in the discretion of the court, render the writ necessary and proper, among which is the avoidance of circuity and multiplicity of actions. *Payne v. Nix,* 193 Ga. 4, 8 (17 SE2d 67). Here it is true, as the defendant contends, that the plaintiff did not attach an abstract of title to its petition. However, since the plaintiff is proceeding under the theory that it will suffer irreparable injury, an allegation that it is the owner of specified realty is an allegation of an ultimate fact and not a conclusion of law. *Domin v. Brush,* 174 Ga. 32 (1) (161 SE 809); *Gray v. Bradford,* 194 Ga. 492, 494 (1) (22 SE2d 43). The enumerated requirements that the plaintiff show perfect title or irreparable injury or the defendant's insolvency are mutually exclusive and not inclusive. Either one is sufficient grounds for equitable relief. *Gillis v. Hilton & Dodge Lmbr. Co.,* 113 Ga. 622, 623 (2) (38 SE 940); *Fletcher v. Fletcher,* 123 Ga. 326 (51 SE 418); *McConnell Bros. v. Jones Naval Stores Co.,* 125 Ga. 376 (54 SE 117).

The averments of the plaintiff's petition were that the defendant's cutting of timber would denude the land of its principal asset and deprive the plaintiff of its use as forest lands, that replacement of the trees would require more than 30 years and such damage is not ascertainable in terms of money. This

was a clear showing that irreparable damages would ensue. *Camp v. Dixon, Mitchell & Co.*, 112 Ga. 872, 878 (38 SE.71); *Massee-Felton Lmbr. Co. v. Sirmans*, 122 Ga. 297, 301 (4) (50 SE 92); *Atlantic C. L. R. Co. v. Gunn*, 185 Ga. 108, 110 (3) (194 SE 365).

Nor is there any merit in the defendant's contention that no more than a bare threat is shown. The plaintiff alleged prior trespasses and an oral threat to begin cutting timber on the day the petition was filed, which cutting would irreparably damage the plaintiff. It is well settled that a mere apprehension of danger or injury will not require equitable relief, yet one is not required to await the infliction of injury before seeking to prevent it by injunction. *Looper v. Ga. Southern & Fla. R. Co.*, 213 Ga. 279, 281 (99 SE2d 101). As pointed out in *Levine v. Perry*, 204 Ga. 323 (1) (49 SE2d 820), equitable relief will not be denied where solid reasons are alleged and shown to justify the apprehension. Here a valid basis for equitable interference is alleged and, indeed, if the plaintiff had not acted promptly it might be foreclosed from full relief by the rule that equity will not act to enjoin that act which is already completed. See *Hapeville-Block, Inc. v. Walker*, 204 Ga. 462, 464 (50 SE2d 9).

Moreover, the allegations as to past trespasses and a reasonable fear of future acts which of necessity would be continuous in nature furnish a further basis for equitable relief. *Lewis, Robinson & Co. v. Hutchinson*, 127 Ga. 789 (2) (56 SE 998); *Kimbrell v. Thomas*, 139 Ga. 146 (1) (76 SE 1024); *McRae v. Smith*, 164 Ga. 23 (5) (137 SE 390); *Waycross Military Assn. v. Hiers*, 209 Ga. 812, 815 (5) (76 SE2d 486).

2. The special demurrers are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 9, 1963—DECIDED OCTOBER 15, 1963.

*Parker, Clary & Kent*, for plaintiff in error.
*Matthews, Maddox, Walton & Smith*, contra.