## 38147. ROGERS v. DOUGLAS COUNTY.

MARSHALL, Justice.

The appellee Douglas County filed a complaint against the appellant Rogers to enjoin him from operating a commercial business on a tract of land zoned for residential use. Rogers responded by filing a motion for a temporary stay of the action filed by the county until a decision was made by the Douglas County Zoning Board of Appeals on his appeal from a decision of the Douglas County Board of Commissioners denying a rezoning application filed by him on this tract.

The trial court denied Rogers' motion for a temporary stay, and the county's request for a temporary injunction was granted. Rogers appeals, arguing: (1) Under the Zoning Ordinance of Douglas County, an appeal to the zoning board of appeals stays all legal proceedings in furtherance of the action appealed from, except in certain circumstances not present here; (2) The trial court erred in denying the appellant's demand for a jury trial; and (3) The appellee has an adequate remedy at law.

1. The provisions of the county zoning ordinance show that the zoning board of appeals does not have jurisdiction over appeals from decisions of the board of commissioners. In fact, an appeal from a decision of a county board of commissioners to a county zoning board of appeals would be rather anomalous in that it is the board of commissioners that constitutes the governing authority of the county; thus, the zoning board of appeals is subordinate to the board of commissioners. Therefore, we agree with the trial court that under the circumstances of this case, the appellant's appeal to the zoning board of appeals does not preclude the court from enjoining the appellant's violation of the county zoning ordinance.

2. The remaining issues raised in this case are controlled adversely to the appellant by our decision in *Cawthon v. Douglas County,* 248 Ga. 760 (286 SE2d 30) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 20, 1982.

*Kunz & Hauptman, Robert A. Kunz,* for appellant.
*William C. Tinsley II,* for appellee.