## A09A0128. JACOBS v. CHATHAM COUNTY, GEORGIA.
(670 SE2d 885)

BLACKBURN, Presiding Judge.

Following a bench trial on a petition brought by Chatham County, Jay Jacobs appeals the permanent injunction entered against him, which mandates that he remove trash and inoperable vehicles from his property and which enjoins him from allowing his property to fall into noncompliance with pertinent provisions of the Chatham County Property Maintenance and Health Codes. He argues among other things that a county has no authority to seek to enjoin the violation of its ordinances and that the county here failed to properly prove that he had repeatedly violated its ordinances in the past. We hold that under proper circumstances, a county does have the power to seek an injunction enjoining the violation of its ordinances, and that the lack of a trial transcript here prevents the review of the alleged evidentiary deficiency. Accordingly, we affirm.

On appeal from a bench trial, we construe the evidence in favor of the judgment and will not disturb factfindings of a trial court if there is any evidence to sustain them. *Sam's Wholesale Club v. Riley*.[1] Here, however, we have no evidence to construe, as no transcripts from the two evidentiary hearings conducted below were included in the record on appeal. Therefore, "we must assume that, in the absence of a transcript, the trial court's findings are supported

---

[1] *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693 (527 SE2d 293) (1999).

by sufficient competent evidence." (Punctuation omitted.) *Hensley v. Young.*[2]

The trial court found that over a period of 12 years, Jacobs had repeatedly violated the Chatham County Property Maintenance Code by allowing garbage and derelict vehicles to accumulate on and litter his residential property. On at least four occasions, Chatham County had cited Jacobs for violations, resulting in Jacobs bringing his property into minimal compliance as ordered by the recorder's court, which compliance was only temporary.

In October 2007, a county inspector observed (i) four derelict vehicles on Jacobs' property, filled with boxes, papers, trash and other items, (ii) uncovered mounds of garbage and yard debris, visible from the street, located on the side and front yards of the property, and (iii) the house in extreme disrepair with rotten fascia and eaves, broken windows, and a damaged garage door. The county notified Jacobs in writing that his property was once again in violation of county maintenance ordinances. In January 2008, the county health department sent Jacobs a separate notice that his property was also in violation of several health code ordinances and demanded that he remedy the problem. He did not.

In February 2008, the county petitioned the local superior court for an interlocutory injunction requiring Jacobs to remedy the violations, which petition was later amended to include a prayer for a permanent injunction enjoining future violations. Following an evidentiary hearing, the court entered the interlocutory injunction requiring immediate compliance; after a final bench trial on the merits, the court issued a permanent injunction reaffirming immediate compliance and enjoining future noncompliance. Jacobs appeals the grant of the permanent injunction.

1. Citing *City of Bainbridge v. Olan Mills, Inc.*[3] and *City Council of Augusta v. Congdon,*[4] Jacobs first claims that the permanent injunction improperly enjoins the prosecution of criminal offenses. However, the injunction does nothing of the sort: it says nothing that would in any way impede the prosecution of Jacobs for violating the county ordinances, but requires him to comply with those ordinances and prohibits him from violating those ordinances in the future. Thus, rather than restraining criminal prosecutions, the injunction actually gives the county an additional avenue to enforce its ordinances against Jacobs.

---

[2] *Hensley v. Young*, 273 Ga. App. 687 (615 SE2d 771) (2005).

[3] *City of Bainbridge v. Olan Mills, Inc.*, 207 Ga. 636 (1) (63 SE2d 655) (1951).

[4] *City Council of Augusta v. Congdon*, 171 Ga. 572, 575 (3) (156 SE 212) (1930).

2. Jacobs then claims that the county is not a proper party to seek a permanent injunction against Jacobs and further that injunctions against violations of county ordinances are not permissible in that a county has an adequate remedy at law through criminal prosecutions. Neither argument withstands scrutiny.

The Supreme Court of Georgia in *Cawthon v. Douglas County*[5] in effect rejected both of these arguments. The defendant in *Cawthon* was operating a dog-grooming business in her home in violation of county zoning ordinances. Id. at 760. The county petitioned the local superior court for a permanent injunction enjoining the defendant from operating the dog-grooming business at her residence, which the court granted. Id. at 761. The Supreme Court upheld the injunction, expressly rejecting the argument that the county had an adequate remedy at law through criminal prosecutions. Id. at 764 (2). Apart from any language in the ordinance regarding the county's power to seek an injunction, the Court held:

> [U]nder the facts of this case[,] the legal remedy of taking warrants for violations of the criminal laws would be deficient in protecting from anticipated wrong or relieving for injuries done; would not afford the full relief to which the facts and circumstances entitle it; and would not be as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.

(Citations and punctuation omitted.) Id. Two weeks later, the Court reaffirmed this holding in *Rogers v. Douglas County*,[6] in which the Court affirmed an injunction obtained by a county against a resident, which enjoined that resident from violating that county's zoning ordinance by operating a commercial business in a residentially-zoned area. Cf. *Regency Club v. Stuckey*[7] (reversing trial court's refusal to issue a permanent injunction sought by county residents to enjoin private clubs from dispensing alcoholic beverages in violation of criminal law).

Here, ample evidence supported the trial court's exercise of its discretion to issue a permanent injunction. See *Glisson v. IRHA of Loganville, Inc.*[8] ("[w]e review a trial court's grant of a permanent injunction under an abuse of discretion standard . . ."). Over the years, Jacobs had repeatedly and consistently failed to maintain his land despite ordinance citations and orders from the recorder's

---

[5] *Cawthon v. Douglas County*, 248 Ga. 760, 764 (2) (286 SE2d 30) (1982).

[6] *Rogers v. Douglas County*, 248 Ga. 786 (2) (286 SE2d 432) (1982).

[7] *Regency Club v. Stuckey*, 253 Ga. 583, 587 (5) (324 SE2d 166) (1984).

[8] *Glisson v. IRHA of Loganville, Inc.*, 289 Ga. App. 311, 312 (656 SE2d 924) (2008).

court. See *Ellis v. Ga. Kraft Co.*[9] (past infractions and a reasonable fear of future infractions justify a permanent injunction). Also, when the superior court in this case sent an inspector to Jacobs's property to determine if the trash-filled vehicles were operable, Jacobs removed the vehicles from the property and hid them elsewhere, only to return them to the property after the inspector was gone. The superior court acted well within its discretion in finding that criminal prosecutions would not adequately protect the county nor be as practical and efficient to the ends of justice, and in therefore issuing the permanent injunction enjoining future infractions.

3. Jacobs enumerates as error that the language of the injunction was too broad and too vague. However, in his brief he offers no argument nor citation of authority in support of this enumeration. Accordingly, this enumeration is deemed abandoned as provided in Rule 25 (c) (2) of this Court. See *Rice v. Lost Mountain Homeowners Assn.*[10]

4. Jacobs argues that the evidence failed to support the judgment in that the court allegedly failed to introduce certified copies of the prior ordinance citations and recorder court's proceedings against him. However, "[w]e cannot consider [Jacobs's] claim because there is no transcript of the proceedings below and no attempt to recreate the record as provided for in OCGA § 5-6-41 (g) and (i)." (Punctuation omitted.) *Schroder v. Murphy.*[11] As appellant, Jacobs bears the burden of showing error by the record. Id. "When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the judgment." (Punctuation omitted.) Id. See *Johnston v. Johnston.*[12] Absent the transcript, this enumeration cannot be considered.

*Judgment affirmed. Ruffin and Adams, JJ., concur.*

DECIDED DECEMBER 3, 2008.

*Reynolds & Robin, Sherwin P. Robin*, for appellant.

---

[9] *Ellis v. Ga. Kraft Co.*, 219 Ga. 335, 337 (1) (133 SE2d 350) (1963).

[10] *Rice v. Lost Mountain Homeowners Assn.*, 288 Ga. App. 714, 716 (2) (655 SE2d 214) (2007).

[11] *Schroder v. Murphy*, 282 Ga. App. 701, 705 (2) (639 SE2d 485) (2006).

[12] *Johnston v. Johnston*, 281 Ga. 666, 668 (641 SE2d 538) (2007).

*Lee, Black, Hart & Rouse, R. Jonathan Hart, Lisa G. Colbert*, for appellee.