## DUPON v. WALDEN.

One who holds only under a deed from the trustee of donees in a deed of gift from the life tenant under the will of the common *propositus*, acquires no title by prescription as against the sole surviving heir at law of the remainderman under the will, in a suit brought within a year after the death of the life tenant.
March 17, 1890.

Ejectment. Wills. Remainders. Estates. Prescription. Before Judge ADAMS. Chatham superior court. March term, 1889.

Ejectment. Archibald Wilkins, the common *propositus*, held under a deed conveying a tract of 220 acres called Pembroke, and a tract of 100 acres adjoining and known as number 6. He fenced both tracts as one plantation, called all of it Pembroke and lived on it until his death. The only realty specifically mentioned in his will (probated July 22, 1844) was his plantation "known by the name of Pembroke," and a city lot elsewhere situated, both of which were given to his wife during her widowhood or natural life, and at her death or remarriage to one Tefft, his heirs and assigns forever. By the residuary clause all the remainder of the estate, real or personal, not already bequeathed, went to the testator's wife, her heirs and assigns forever. On November 17, 1859, she made a trust deed, for love and affection, for the benefit of Bells (relatives with whom she lived), conveying the 100 acre tract, calling it the Nichols tract, and reciting that it passed to her absolutely under the residuary clause of her husband's will and had not been included in any other clause of it. On March 8, 1879, the trustee of the Bells

conveyed this 100 acre tract to the defendant in consideration of $425, one third of which was paid and the balance was to be paid within a year. During that year he heard of the claim of the plaintiff's lessor, and by agreement the balance of the purchase price was held up to await the determination of the question. He testified that he had been in possession adversely and *bona fide* since the date of his deed. Tefft died before Mrs. Wilkins made the trust deed; and his widow and sole heir is the plaintiff's lessor. She brought this suit on February 14, 1888, within a year after the death of Mrs. Wilkins. Besides the general issue, prescription was pleaded; but the court in charge to the jury eliminated any issue on the latter plea. This was assigned as error, together with the general grounds in the. motion for a new trial made by the defendant, after verdict for the plaintiff.

R. R. Richards, for plaintiff in error.

Denmark & Adams, *contra*.

Simmons, Justice.

In this case we adopt as our own the opinion of His Honor, Judge Adams, in overruling the motion for a new trial which is as follows:

" Archibald Wilkins, by his last will and testament, probated July 22, 1844, bequeathed his plantation in Chatham county, known by the name of Pembroke, to his wife, during her life, with remainder to Wm. Pitt Tefft and his heirs. The plaintiff's lessor, Mrs. Walden, is the widow and sole surviving heir at law of said remainderman, and the suit was brought within a year after the death of said life tenant, who died at an advanced age, not long ago. It is alleged by the plaintiff that the premises in dispute are a part of said Pembroke plantation, and that the title thereto passed to Mrs. Walden upon the death of Mrs. Wilkins, under the bequest above recited. The deed of March 1, 1819,

to Archibald Wilkins, conveys a tract of 220 acres called Pembroke, and a tract of 100 acres adjoining known as No. 6. It was proved, however, that from the time of the purchase until his death, the said Wilkins treated the two tracts as one place; that he fenced them, and united them into one plantation, which he called, and which was known as, Pembroke plantation. The will is elaborate, minute and particular in its details and directions, and yet, if the 100 acres which are in dispute are not embraced in the devise of the plantation known as Pembroke, they are not at all specially devised, and are left to the operation of the general residuary clause. The question as to the testator's intent, however, was submitted to the jury, and they have found that his intention was to embrace the tract which is in dispute in the bequest of said Pembroke plantation. It is conceded that the evidence authorized this finding; and this concession, we think, removes the whole case from debatable territory. The defendant claims under this testator, having purchased the 100 acres that are in question from the trustee of S. P. Bell's children, March 8, 1879, said trustee having received a deed of gift therefor from Mrs. Wilkins in 1859. If, according to the true intent and meaning of the will, these 100 were included in the bequest of Pembroke plantation, Mrs. Wilkins' interest therein was only a life interest, and her deed to the trustee of Bell's children operated only upon that interest, and his deed to defendant conveyed only that interest. Mrs. Walden's title did not accrue until the termination of Mrs. Wilkins' life estate, and this suit was brought within a year thereafter. How, then, prescription can be invoked to bar Mrs. Walden's rights, or to aid the title of defendant, we cannot conceive. We think it is manifest, from this statement of the facts and issues of the case, that there was no error in eliminating the question of

prescription; and this being the only ground of error assigned, we are of opinion that the motion for a new trial should be overruled. And it is so ordered."

*Judgment affirmed.*