## HOWARD *v.* RUSSELL.

1. A deed to land, though not attested as required by law, conveys the title as against the grantor and his heirs.
2. It was error to admit in evidence, over objection, a deed which purported to be attested by two witnesses, where no proper foundation for its introduction was laid by calling the witnesses and examining them as to its execution, or accounting for their absence. If such witnesses are intro-

duced and fail to prove the execution of the deed, then aliunde testimony may be offered to show that the deed was actually executed by the grantor.

3. Except as set forth in the second headnote above, there was no error in the rulings complained of.

Argued February 17, — Decided April 13, 1898.

Equitable petition. Before Judge Fite. Bartow superior court. July term, 1897.

*J. B. Conyers*, for plaintiff in error. *J. W. Harris*, contra.

SIMMONS, C. J. It appears from the record, that in 1889 certain real estate was levied upon under a fi. fa. against R. W. Murphy. W. A. Russell interposed a claim, which was, by consent of the plaintiff in fi. fa., withdrawn. Russell afterward filed another claim, which the clerk marked on the claim-docket as "settled." The land was again advertised for sale under the levy, and Russell filed an equitable petition in which he alleged that the land had been purchased in 1881 by Mrs. Murphy, wife of the defendant in fi. fa., and that in 1886 she had sold it to him for the sum of $1,000; that the second claim was marked as settled without his knowledge or consent or that of his attorney; and that the sheriff was proceeding to sell the property while petitioner's claim was still legally pending. He reasserted his claim to the land, and prayed an injunction to prevent the sale. The sheriff and the plaintiff in fi. fa. answered, and the case came on to trial. The plaintiff in fi. fa. contended, among other things, that the deed from Mrs. Murphy to the claimant, Russell, was not attested by two witnesses as required by law, and conveyed no title; that Murphy being his wife's sole heir and she having died leaving no debts, the property, under the laws of this State, passed to the husband and was therefore subject to be sold for his debts. The conveyance under which Russell claimed purported to be a warranty-deed from Mrs. Murphy to Russell, made in consideration of $1,000 in cash, and was subscribed by two witnesses. One of these, a notary public, when sworn stated that he had subscribed his name to the paper after the death of the grantor, and that he had not been present when she executed it. Murphy, the husband, testified that the deed was made by his

wife, pending her last illness; that the notary had not been present at the time of the execution of the conveyance but had signed it after the grantor's death; that he thought the other subscribing witness was present at the time of the execution of the conveyance. This second subscribing witness was not called at the trial nor was her absence accounted for, and the deed was admitted on the testimony of the husband. Plaintiff in fi. fa. objected to the admission in evidence of the deed without having first laid the foundation for its introduction by calling and examining both of the subscribing witnesses or accounting for the absence of the one not called. There was a verdict for Russell, the plaintiff. The court overruled the motion for new trial made by the defendants, and the latter excepted.

1. We think that if Mrs. Murphy made a deed to Russell which was attested by one witness only, it would have conveyed title to the grantee. While the code of this State requires such a paper to be attested by two witnesses, it does not declare that a deed attested by one witness is void. The main object of the attestation by two witnesses is to comply with the registration laws of the State. A deed not attested by two witnesses is not properly admissible to record; still it is sufficient to bind the parties and their heirs or privies. *Downs* v. *Yonge,* 17 *Ga.* 295; *Gardner* v. *Moore,* 51 *Ga.* 268; *Lowe* v. *Allen,* 68 *Ga.* 225; *Johnson* v. *Jones,* 87 *Ga.* 85.

2. While a deed such as above described may convey title, yet where it is sought to be introduced in evidence to prove title in the grantee, its execution must be proved by the subscribing witness or witnesses. In the present case, the deed was attested by a witness other than the notary public who signed after the death of the grantor. This witness was not called nor was her absence accounted for. We think that, before the paper could be admitted in evidence, the witness who attested it in the presence of the grantor, if there was a witness who did so, should have been called or her absence accounted for. Had she been called and her examination showed that she could not testify as to the execution of the deed by reason of failure of memory or that she had not attested the deed in

the presence of the grantor, resort could then have been had to other witnesses who did see the grantor execute the conveyance, to proof of handwriting, etc.   It was error to admit this paper in evidence upon proof of its execution by a witness other than the subscribing witnesses, without calling or accounting for both of those subscribing witnesses.

3. There were other points made in the motion for a new trial, such as the allowance of the amendment to the petition, and the order making Murphy, the husband, a party defendant.    In the view we take of the case, the amendment was not necessary, nor was Murphy a necessary party; but the errors were immaterial and did not affect the merits of the case.

*Judgment reversed.    All concurring, except Cobb, J., absent.*