## BRUNDAGE *et al. v.* BIVENS *et al.*

The proof in this case showing that both parties claimed under a common grantor, and further showing that the plaintiffs had a title to the premises in dispute paramount to that of the defendants, there was no error in directing a verdict for the plaintiffs.

Argued October 18, — Decided November 18, 1898.

Complaint for land. Before Judge Hart. Jones superior court. April term, 1898.

This was an action for the recovery of land, the plaintiffs being children of John T. Bivens, deceased, and claiming under the will of their grandfather, Stephen Bivens, dated October 30, 1847, and probated October 5, 1863, whereby the testator directed that his estate be equally divided between his wife and

his children, including John T. Bivens, share and share alike,. "to have and to hold the respective shares to each of them for and during their natural lifetime, . . and from and immediately after the death of each of . . said children, their respective shares to go to and vest in their respective children then living." John T. Bivens died in May, 1897, and the suit was brought August 24, 1897. The defendants were the widow and children of William M. Roberts, and in their plea claimed title by prescription and under a deed in fee simple from John T. Bivens to Stephen B. and James W. Stubbs, of December 12, 1867, and a deed from Stephen B. and James W. Stubbs to William M. Roberts, of October 24, 1878.

At the trial counsel for the defendants, at the conclusion of the evidence, moved the court to direct a verdict in favor of the defendants, upon the ground that no title had been shown in the plaintiffs upon which the plaintiffs could recover. The court overruled this motion, and directed a verdict in favor of the plaintiffs.

*Guerry & Hall,* for plaintiffs in error.
*Hardeman & Moore,* contra.

SIMMONS, C. J. Assuming the burden of proof, the plaintiffs established by competent evidence their claim as remaindermen under the will of Stephen Bivens, who died in possession of the land in dispute. This was sufficient to make out a prima facie case in their favor. *Wolfe* v. *Baxter,* 86 *Ga.* 705. It was further shown that their father, John T. Bivens, took under the will as life-tenant, and in 1866 or 1867 went into possession of the tract in dispute, presumably in that capacity, though at the date of his death, which occurred in May, 1897, he was not seized thereof. The present action of ejectment was commenced August 24 of the same year. The defendants introduced in evidence a deed from Stephen B. and James W. Stubbs to William M. Roberts, dated October 24, 1878, purporting to convey to the latter a fee-simple title to the premises in controversy, which were described therein as a tract containing a designated number of acres "known as the Stephen Bivens land." This deed also contained the follow-

ing recital: "Said land also deeded to F. M. Walker as guardian of said Stephen B. Stubbs and as trustee for said James W. Stubbs from John T. Bivens; said deed recorded in Book 'S' of deeds in Jones superior court." By parol evidence it was shown that Roberts entered upon the land by virtue of this instrument and remained in possession up to the date of his death in 1886, since which time the defendants have held continuous possession, claiming under him as heirs at law. It further appeared that John T. Bivens, about the year 1867, "sold this land to the Stubbs boys, [whereupon] he went out of possion and they took possession"; but no conveyance evidencing this sale was introduced in evidence. From the plea filed by the defendants in resistance to the action, it would seem that they rested their defense solely upon a claim of title by prescription. That, under the evidence submitted, this claim was not sustained, is evident. So long as John T. Bivens remained in life, no action for the recovery of the land could have been maintained by the plaintiffs. See *City Council of Augusta* v. *Radcliffe,* 66 *Ga.* 469; *Franke* v. *Berkner,* 67 *Ga.* 264; *Ford* v. *Cook,* 73 *Ga.* 221; *Bagley* v. *Kennedy,* 81 *Ga.* 721; *Taylor* v. *Kemp,* 86 *Ga.* 181; *McDonald* v. *McCall,* 91 *Ga.* 304; *Wallace* v. *Jones,* 93 *Ga.* 421; *Wells* v. *Dillard,* 93 *Ga.* 683; *Napier* v. *Anderson,* 95 *Ga.* 618, 628. "The life-tenant being entitled to the possession of the property, no suit could be maintained therefor by the remaindermen, and no possession thereof could become adverse, so as to ripen into a prescriptive title as against the remaindermen, so long as the life-tenant lived." *Bull* v. *Walker,* 71 *Ga.* 196.

Nor can it be said that the defendants in any other manner met the prima facie case made out by the plaintiffs. So far as was shown, John T. Bivens had no interest whatever in the land in controversy save that which he acquired under the will from Stephen Bivens, which was a mere life-estate. No greater interest could, therefore, pass into the "Stubbs boys," to whom John T. Bivens sold, or be conveyed by them to Roberts, so as to descend to his heirs. In other words, the defendants appear to stand in the shoes of the life-tenant, claiming adversely to the plaintiffs under a common grantor. If so, the

fact that the life-estate no longer exists would conclusively show the right of the remaindermen to enter. If not, the defendants merely show that they claim under a title derived from a person in possession in 1866 or 1867, whereas the plaintiffs show a conveyance from Stephen Bivens, who was shown to have entered into possession some time prior to 1854 and remained seized of the premises up to his death, shortly before the probate of his will in October, 1863. A better adverse title was, therefore, not shown. *Bagley* v. *Kennedy, 85 Ga.* 703, 707. Moreover, so far as the record before us discloses, the subsequent possession of the party under whom the defendants claim was not adverse to, but apparently entirely consistent with, the title asserted by the prior occupant, Stephen Bivens.

We accordingly hold that the trial judge properly directed a verdict in favor of the plaintiffs, which holding necessarily also disposes of the defendants' contention that the court, aside from the error committed in giving this direction to the case, erroneously overruled their motion that the jury be instructed to return a finding in their favor, upon the ground that no title had been shown in the plaintiffs upon which they could recover.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*