### BRINKLEY et al. v. BELL et al.

ATKINSON, J. 1. Where depositions sued out under the Civil Code, §5316, have been executed and returned to the court, as prescribed in the Civil Code, §5317, the same are not inadmissible because not signed by the witness, or because it does not affirmatively appear from the commissioner's certificate thereto that he was a sworn officer.

2. Where the question under investigation is whether or not a deed was delivered, it is not error to allow a witness, who states that he was present at the time of its execution, to testify: "It [the deed] was signed and sealed, and to the best of my belief it was delivered February 4, 1867," and further, "Simeon Bell, William B. Hankinson, Simeon Wallace, J. P., and Henry Bell, a son of Simeon Bell, were present, and to the best of my recollection Seaborn J. Bell was also there." *Franklin* v. *Macon*, 12 *Ga.* 257.

3. Even if the testimony of a witness, that the deed under which the plaintiff claims title was enclosed in a wrapper, and "the marking on the back of the wrapper containing the papers was in the handwriting" of the life-tenant named in the deed, was incompetent, the error was harmless, where the only purpose of the testimony was to show the delivery of the deed, and there was other and undisputed evidence sufficient to show delivery of the deed.

4. Where the plaintiff offered in evidence a certain deed produced by the defendants under notice, for the purpose of showing that both parties claimed from a common source of title, it was no sufficient objection to the admission of the deed in evidence that an order of the ordinary attached thereto, purporting to confirm the deed, was detached when the deed was offered in evidence; the evidence having been offered, not for the purpose of proving the validity or invalidity of the deed, but that the defendant claimed from the same grantor as the plaintiff.

5. Where a suit for land is brought by remaindermen, and the plaintiffs introduce deeds from the life-tenant to the defendants, for the purpose of showing a common source of title, and the evidence does not disclose that the defendants had any other title or right of possession except that derived from the life-tenant, it is not error to exclude evidence of possession by the several grantees from the life-tenant before the falling in of the life-estate, where the purpose is to show prescription in the defendants. The remaindermen do not have their cause of action until the death of the life-tenant, and prescription does not begin to run against them until that time.

6. An order from the ordinary, purporting to confirm a sale of land, and reciting therein that the land was subject to and liable to be sold under certain liens, "and by the sale aforesaid a portion of the homestead land of said [grantor] is reserved and saved to the use of said family, as well as the expense of a judicial sale of said property by the sheriff," is not admissible in evidence for the purpose of establishing that the grantor in the deed did not know of the existence of the deed under which the plaintiffs claim title, or that, if he did know of such deed, he had refused to accept it.

7. Under the ruling made in the case when before this court on a former occasion (126 *Ga.* 480, 55 S. E. 187), and the undisputed evidence submitted on the trial, there was no error in directing a verdict.

*Judgment affirmed. All the Justices concur.*

Argued November 29, 1907.—Decided August 11, 1908.

Complaint for land. Before Judge Hammond. Burke superior court. May 27, 1907.

*Johnston & Fullbright* and *Lamar & Callaway,* for plaintiffs in error. *Brinson & Davis,* contra.