SMITH *v.* FEDERAL LAND BANK OF COLUMBIA.

No. 10422.   August 7, 1935.

*Heath & Heath,* for plaintiff.

*Mingledorff & Gibson* and *J. S. Averill Jr.,* for defendants.

HUTCHESON, Justice. ■ The deed from Mary Merritt to Jacob Merritt, purporting to convey "all that tract or parcel of land lying and being in the County of Coffee, said State, and being all of 100 acres, situated in the northwest corner of lot of land No. 18 in the first land district of Coffee County, being bounded on the north and west by the original lot lines, on the east by lands of Louis Clayton, and on south by lands of Ava Cauley," was not void because of insufficient description, although the land in controversy was actually situated in the fourth district, and not in the first district as recited in this deed. In view of the particular statement that the tract conveyed was bounded on the east and south by lands of named owners, parol evidence was admissible for the purpose of applying the description to the intended subject-matter, and to show that the statement as to the district number was a clerical error. Such extraneous evidence being sufficient in this case to apply the description to the land in controversy, the court erred in excluding the deed from evidence upon the ground that it contained no adequate description of the property. See *Harris* v. *Hull,* 70 *Ga.* 831; *Johnson* v. *Duncan,* 90 *Ga.* 1 (16 S. E. 88); *Follendore* v. *Follendore,* 110 *Ga.* 359 (2) (35 S. E. 676); *Moore* v. *McAfee,* 151 *Ga.* 270 (3) (106 S. E. 274); *McCaskill* v. *Stearns,* 138 *Ga.* 123 (74 S. E. 1032); *Burson* v. *Shields,* 160 *Ga.* 723 (5) (129 S. E. 22). See *Hatton* v. *Johnson,* 157 *Ga.* 313 (9), 324 (121 S. E. 404).

■ The deed from Jake Merritt to Ida Smith and her children, conveying "all the tract of land lying and being in the 4th district of originally Irwin now Coffee County, containing one hundred acres in the northwest corner of lot of land No. 18, the survey to start at northwest corner of said lot and run the line south to the dividing corner," was not on its face void for uncertainty of description as applied to the land in controversy, and was not shown to be void for uncertainty by the testimony that "the dividing corner" was so located as to give to the tract as a parallelogram a greater dimension from north to south than from east to west, but that the witness did not know the exact location of such corner,

where there was additional evidence to identify and locate this corner by reference to ownership of the lands south of and adjacent to such parallelogram. The statement in this deed that the survey was to start at the northwest corner of said lot and "run the line south to the dividing corner" was matter of particular description added to the words of general description, and could be explained by extraneous evidence to the end that the whole description might be accurately applied to the subject-matter of the conveyance. In view of such explanatory evidence, the court erred as against the plaintiff in ruling that this deed was void for uncertainty of description, and in excluding it from evidence. See *Osteen* v. *Wynn,* 131 *Ga.* 209 (2) (62 S. E. 37, 127 Am. St. R. 212); *Payton* v. *McPhaul,* 128 *Ga.* 510 (58 S. E. 50, 11 Ann. Cas. 163); *Sexton* v. *Burruss,* 146 *Ga.* 685 (92 S. E. 217). "A deed to land will not be declared void for uncertainty of description, if the description is certain, or if it furnish the key to the identification of the land intended to be conveyed by the grantor." *Swint* v. *Swint,* 147 *Ga.* 467 (2) (94 S. E. 571); *Prudential Insurance Co.* v. *Hill,* 170 *Ga.* 467 (153 S. E. 516). Where the description is sufficient to afford the key by which the land may be definitely located by the aid of extraneous evidence, the record of the deed is sufficient to put a subsequent purchaser "from the same grantor on notice as to what land was in fact conveyed by such deed." *Talmadge* v. *Interstate Building & Loan Asso.,* 105 *Ga.* 550 (31 S. E. 618).

Furthermore, the evidence authorized the inference that the plaintiff and the defendant both claimed title as remote grantees under the deeds referred to above. If the defendant so claimed, it could not attack these deeds for invalidity on any ground. *Fletcher* v. *Horne,* 75 *Ga.* 134; *Deen* v. *Williams,* 128 *Ga.* 265 (57 S. E. 427); *Gable* v. *Gable,* 130 *Ga.* 689 (3) (61 S. E. 595).

At the time of the grant from Jake Merritt to Ida Smith and her children, two children of Ida Smith were then in life, and so each of these children took one undivided third interest in the property. *Duncan* v. *Beasley,* 174 *Ga.* 28 (161 S. E. 829). The plaintiff claimed under a deed from these two children, dated July 11, 1932, while the evidence authorized the inference that the defendant bank claimed as remote grantee under a deed from Ida Smith, which purported to convey the whole interest. The plaintiff filed the present suit on July 13, 1932, to recover of the bank

a two-thirds undivided interest in the property, and for partition, injunction, and other relief. Neither of the children of Ida Smith, who conveyed their interest to the plaintiff, had arrived at the age of 28 years at the time of their conveyance or at the time of the filing of the suit by their grantee. In the circumstances the evidence did not demand a finding in favor of the bank upon its claim of title by prescription under color of title accompanied by adverse possession for a period of seven years. This claim on the part of the bank assumed that the deed from Jake Merritt to Ida Smith and her children was void for want of adequate description, and also that it appeared as a matter of law that the bank did not hold under this deed. Under the rulings stated above, neither of these contentions is sustained by the record.

■ The sale of the land for taxes in the year 1924 can not be held, as a matter of law, to have divested the interests of the children of Ida Smith, who later executed the deed to the claimant. Regardless of all other questions pertaining to this sale, the evidence authorized the inference that the levy of the tax execution was excessive, and that because of this fact the sale was void. The record shows that the plaintiff introduced the tax execution "with levy made on said fi. fa. on same lands above described," referring to the lands in controversy, and implying that the whole tract was levied on by a single entry. The amount of the execution was less than one hundred dollars, whereas the evidence tended to show that the value of the land was more than three thousand dollars, thus supporting, if not demanding, the inference that the levy was excessive. See *Long Realty Co.* v. *First National Bank,* 177 *Ga.* 440 (170 S. E. 485), and cit.

■ The evidence improperly excluded, together with that admitted without objection, would have authorized a verdict in favor of the plaintiff, and the court erred in directing a verdict for the defendant.        *Judgment reversed. All the Justices concur.*