## RICHARDSON v. MILIKIN.

BELL, Justice. In this suit for injunction and other relief, involving title to land, it appeared from the pleadings and the evidence that the plaintiff and the defendant both claimed under a deed executed in 1886, purporting to convey 100 acres of land more or less, in the northwest corner of a designated lot, to the plaintiff's mother for and during her life, with remainder to her children, the defendant's claim being based upon a deed from the life tenant executed in 1926 and purporting to convey the fee-simple title, and the plaintiff's claim being based upon his own right as a remainderman and a deed to himself from the other remaindermen, executed in 1946 after their mother's death. On the trial, the plaintiff, after submitting evidence as to existence and loss of the original, tendered in evidence a certified copy of the deed first above mentioned, to which the defendant interposed several objections, some relating to the manner in which the deed was witnessed and probated, and others attacking the sufficiency of the description. The court sustained the objections, excluded the deed from evidence, and granted a nonsuit. The plaintiff excepted. *Held*:

1. It appearing from the pleadings and the evidence that the plaintiff and the defendant both claimed under the deed, a certified copy of which was excluded, it was not competent for the defendant to attack the title of the plaintiff by objecting to the introduction of such copy because of the manner in which the deed was witnessed or probated, or upon the ground that it did not contain a sufficient description of land. *Fletcher* v. *Horne*, 75 *Ga.* 134; *Brundage* v. *Bivins*, 105 *Ga.* 805 (32 S. E. 133); *Gable* v. *Gable*, 130 *Ga.* 689 (2) (61 S. E. 595); *Smith* v. *Federal Land Bank*, 181 *Ga.* 1 (3) (181 S. E. 149); *Brinkley* v. *Bell*, 126 *Ga.* 480 (2) (55 S. E. 187); *Howard* v. *Russell*, 104 *Ga.* 230 (1) (30 S. E. 802); Powell on Actions for Land, 423, 426, §§ 361, 362.

2. Furthermore, it appearing from the record that the defendant demurred generally to the petition as amended, on the ground that it did not state a cause of action, and because the description set forth in the petition was insufficient to describe any tract of land, that the demurrer was overruled, and that the defendant has not brought any exceptions to this court, such judgment, whether correct or incorrect, must on this review be taken as the law of the case, to the effect that the description, considered in connection with the other allegations of the petition, was not so indefinite as to render the deed void. *Georgia Northern Ry. Co.* v. *Hutchins & Jenkins*, 119 *Ga.* 504 (1, 2) (46 S. E. 659); *Shackelford* v. *Riddling*, 198 *Ga.* 827 (1) (33 S. E. 2d, 14).

3. The plaintiff having sought to prove title under a deed which was essential to his case, but a certified copy of which was improperly excluded, the judgment granting a nonsuit must be reversed regardless of whether the evidence was in other respects sufficient to prove the case as laid in the petition. *Payne* v. *Nix*, 193 *Ga.* 4 (17 S. E. 2d, 67).

*Judgment reversed. All the Justices concur.*

No. 16536. MARCH 15, 1949.

890

R. L. Dawson and H. M. Hodges, for plaintiff.
W. Glenn Thomas and Joe Thomas, for defendant.