In this suit for injunction and other relief, involving title to land, it appeared from the pleadings and the evidence that the plaintiff and the defendant both claimed under a deed executed in 1886, purporting to convey 100 acres of land more or less, in the northwest corner of a designated lot, to the plaintiff's mother for and during her life, with remainder to her children, the defendant's claim being based upon a deed from the life tenant executed in 1926 and purporting to convey the fee simple title, and the plaintiff's claim being based upon his own right as a remainder man and a deed to himself from the other remaindermen, executed in 1946 after their mother's death. On the trial, the plaintiff, after submitting evidence as to existence and loss of the original, tendered in evidence a certified copy of the deed first above mentioned, to which the defendant interposed several objections, some relating to the manner in which the deed was witnessed and probated, and others attacking the sufficiency of the description. The court sustained the objections, excluded the deed from evidence, and granted a nonsuit. The plaintiff excepted. Held:
1. It appearing from the pleadings and the evidence that the plaintiff and the defendant both claimed under the deed, a certified copy of which was excluded, it was not competent for the defendant to attack the title of the plaintiff by objecting to the introduction of such copy because of the manner in which the deed was witnessed or probated, or upon the ground that it did not contain a sufficient description of land. Fletcher v. Horne, 75 Ga. 134; Brundage v. Bivins, 105 Ga. 805 (32 S.E. 133); Gable v. Gable, 130 Ga. 689 (2) (61 S.E. 595); Smith v. Federal Land Bank, 181 Ga. 1 (3) (181 S.E. 149); Brinkley v. Bell, 126 Ga. 480 (2) (55 S.E. 187); Howard v. Russell, 104 Ga. 230 (1) (30 S.E. 802); Powell on Actions for Land, 423, 426, §§ 361, 362.
2. Furthermore, it appearing from the record that the defendant demurred generally to the petition as amended, on the ground that it did not state a cause of action, and because the description set forth in the petition was insufficient to describe any tract of land, that the demurrer was overruled, and that the defendant has not brought any exceptions to this court, such judgment, whether correct or incorrect, must on this review be taken as the law of the case, to the effect that the description, considered in connection with the other allegations of the petition, was not so indefinite as to render the deed void. Georgia Northern Ry. Co. v. Hutchins Jenkins, 119 Ga. 504 (1, 2) (46 S.E. 659); Shackelford
v. Riddling, 198 Ga. 827 (1) (33 S.E.2d 14).
3. The plaintiff having sought to prove title under a deed which was essential to his case, but a certified copy of which was improperly excluded, the judgment granting a nonsuit must be reversed regardless of whether the evidence was in other respects sufficient to prove the case as laid in the petition. Payne v. Nix, 193 Ga. 4 (17 S.E.2d 67).
Judgment reversed. All the Justices concur.
 No. 16536. MARCH 15, 1949.
K. B. Richardson filed a petition against R. M. Milikin, seeking an injunction, damages, and reformation of a deed. Two amendments to the petition were allowed. The defendant demurred generally to the original petition and the petition as amended, one ground of general demurrer being "the description set forth in said petition is so vague and indefinite that it utterly fails to describe any tract of land." The demurrers were overruled, and the defendant excepted pendente lite. The case proceeded to trial, and resulted in a nonsuit, on motion of the defendant after the introduction of evidence by the plaintiff. A bill of exceptions was sued out by the plaintiff, assigning error on the sustaining of objections by the defendant to a certified copy of a deed offered in evidence by the plaintiff, and on the grant of a nonsuit. There is no cross-bill of exceptions assigning error on the exceptions pendente lite or the judgment therein complained of.
The petition as amended contained substantially the following allegations: On February 18, 1886, Joshua Harper executed and delivered to Mrs. Sallie Herrin a deed, in which he conveyed to her a certain tract of land described in said deed as follows: "a certain tract of land containing" 100 acres "more or less, the same being the part of Lot No. 207 . . in the Third Land District of Wayne County, in the northeast [?] corner of said lot, for the use and benefit of said Joshua Harper for his heirs and assigns, for the term of nine years, all the granted or said land said property to be for the sole support, use and benefit of the said Sallie Herrin during her life . . and not subject to the debts of her present nor her following husbands; and at her death `remittance' to go to her children, their heirs and assigns, in fee simple." (Other allegations of the petition, including an alleged copy of the deed attached as an exhibit, indicate that the word northeast questioned above was a typographical error in quoting, and should have been northwest.)
Said Mrs. Sallie Herrin at some date subsequent to the date of the deed above referred to became married to W. H. Richardson, and as issue of said marriage the plaintiff and his brothers and sisters were born and are now living, as follows: Lloyd Richardson, Dollie Richardson Culp, Bertie Richardson, Katie Richardson Harrison, Claude Brooker, the plaintiff and *Page 887 
said other named children being all the surviving children or descendants of children, and the sole surviving heirs, of said Mrs. Sallie Richardson.
Said Mrs. Sallie Richardson departed this life on January 30, 1946, leaving surviving her said children or descendants of children named in the preceding paragraph, all sui juris and of lawful age to contract.
On August 30, 1946, the children of said Mrs. Sallie Herrin Richardson other than the plaintiff executed and delivered to him their certain deed conveying to him a certain tract of land containing 100 acres, more or less, in the Third Land District of Wayne County, Georgia, the same being a part of that certain lot Number 207, in the northwest corner of said lot, and being the same property conveyed to Sallie Herrin from Joshua Harper by deed dated February 18, 1886, recorded in deed book 33, folio 511-512, records of Wayne County; both said deed and its record being hereby referred to as often as found needful. A copy of this deed was attached as an exhibit to an amendment to the petition.
The land described in the next preceding paragraph is the same land as was conveyed by deed from said Joshua Harper to Mrs. Sallie Herrin, and by virtue of said deed, referred to in the next preceding paragraph, the plaintiff is now the owner of said land.
The defendant, by himself, his agents, servants, and employees, has entered upon said 100-acre tract of land and is engaged in working the pine timber thereon for turpentine purposes since the death of the life tenant, which was on January 30, 1946, without lawful right and authority, thereby damaging the plaintiff in the sum of $500.
The damage to the plaintiff occasioned by said acts of trespass is incapable of exact computation and redress in damages, and will cause him irreparable damages, said acts of trespass being continuous from day to day.
The plaintiff does not have a full, adequate, and complete remedy at law, and brings this action in equity in order to avoid a circuity and multiplicity of actions.
At and before the time of making the deed by Joshua Harper to Mrs. Sallie Herrin, and until now, the said 100-acre tract *Page 888 
of land in question had and does have well-defined and established boundary lines by which the same could be easily distinguished from adjoining lands, and the plaintiff's mother, the holder of the life estate in said tract, together with her family, were in possession and occupancy of said tract at the time of the execution of said deed, and continued to maintain peaceable, continued and uninterrupted possession of the same for a period of more than forty years.
On January 21, 1926, Mrs. Sallie Richardson owned other lands adjacent to said 100-acre tract, and on said date executed a deed in favor of Milikin and Crosby, a partnership composed of R. M. Milikin, the defendant, and J. W. Crosby, in which she attempted to convey said tract together with other lands, notwithstanding the fact that she owned and could legally convey only a life estate therein, which fact was then well known by the defendant, or by the exercise of ordinary care he could have learned of this fact.
The defendant's title to said 100-acre tract is based upon the deed referred to in the next preceding paragraph. Said deed was recorded on January 22, 1926, in the clerk's office of the Superior Court of Wayne County, copy thereof being attached as an exhibit.
The deed from Mrs. Sallie Richardson to Milikin and Crosby, as referred to above, constitutes a cloud on the plaintiff's title, in so far as it attempts to convey more than a life estate in said 100-acre tract.
The plaintiff and the defendant claim the land in dispute under a common grantor, Joshua Harper.
There was also attached as an exhibit to an amendment, a plat made by W. P. Reddish, County Surveyor of Wayne County, dated November 12, 1947, of "100 acres of land in the northwest corner of lot No. 207, Third Land District of Wayne County, surveyed at request of Kenneth Richardson."
The plaintiff prayed that the defendant be enjoined from committing the acts of trespass described in the petition, for a judgment for damages, and that the deed to Milikin and Crosby be reformed "so as to speak the truth as to the actual interest conveyed in the" 100 acres of land in dispute.
On the trial, the following testimony was adduced in behalf *Page 889 
of the plaintiff: K. P. Richardson, the plaintiff, testified: I claim title to a 100-acre tract of land by virtue of a deed from Lloyd Richardson and others to me bearing date of August 30, 1946, the grantors named in said deed and I are the children of Mrs. Sallie Richardson, who was the same person as Sallie Herrin. She was the daughter of Joshua Harper and is or was the same person referred to in a deed from Joshua Harper to Sallie Herrin bearing date of February 18, 1886. The 100 acres I claim is the same tract of land described in the deed from Joshua Harper to Sallie Herrin. I am now over 40 years of age and lived on this tract with my father, mother, and family until I was quite grown. This is the same tract of land which was surveyed out by Mr. Reddish, the county surveyor, some time recently. I know where the corners to this land were. I do not know where the original deed from Joshua Harper to my mother is. I have made search among my mother's personal effects and made inquiry among the other children and from other folks, and have been unable to find this deed. I know that in times past I have seen this deed in my mother's possession.
W. L. Richardson testified: I am the son of H. W. Richardson and the stepson of Mrs. Sallie Herrin Richardson. I was born in 1877. I well remember the day when Mr. Joshua Harper came to survey out the tract of land in question. I was about 9 years old and was plowing in a small field on this particular land, and Mr. Joshua Harper, Mrs. Sallie Herrin, who later married my father, and a surveyor by the name of Thompson came to where I was in the field and made inquiry as to where my father was, and I told him that he was in the woods working turpentine. He, Joshua Harper, then said he had come there to survey out a tract of land for his daughter Sallie. The particular tract of land was surveyed out, lines established, and corners erected. After they completed the survey I heard Joshua Harper tell Mrs. Sallie Herrin that the next time he went to Jesup he would have her a deed made to this tract of land. Later on I did see that deed many times in the possession of my stepmother. Mrs. Sallie Richardson. I lived on this particular tract of land in question, the same tract which was surveyed out on the date I referred to, with my father and stepmother *Page 890 
for a number of years. I knew well the lines to this tract which was surveyed by Mr. Thompson at the time I have referred to. I have been on this tract of land recently and can tell where there is evidence of some of the original land lines, and markings, which are along the place where the lands were originally marked off. I know this is the same tract of land which is claimed by K. B. Richardson in this suit.
L. W. Richardson testified: I am now 60 years old. I am the son of H. W. Richardson and Sallie Herrin Richardson. I am familiar with the 100-acre tract of land in question. At the time of my birth, my father, mother, and family were living on this tract of land, and I lived there with the family until about 1925, except for short intervals of time when I went away for work. I have recently been on this tract of land and was able to find some evidences of land lines of this 100-acre tract. I know the location of the lines and corners of this tract. It is the same tract of land which was conveyed by Joshua Harper to my mother, who at that time was Sallie Herrin, and is the same tract of land claimed by K. B. Richardson in this suit.
R. M. Milikin, sworn by the plaintiff as the opposite party, testified: I claim this land under a deed from Mrs. Sallie Richardson to Milikin and Crosby, (the witness having later acquired Crosby's undivided interest). I refer to the deed which you hold in your hands. I bought from Mrs. Sallie Richardson 280 acres of land, more or less, which said lands conveyed by this deed include the old Richardson place.
In the bill of exceptions, it is stated: "During the progress of the examination of witness Milikin, counsel for plaintiff asked counsel for defendant to produce the deed under which the defendant claims title to this land, and in response thereto counsel for defendant produced a deed from Mrs. Sallie Richardson to Milikin and Crosby, a copartnership composed of R. M. Milikin and J. W. Crosby, bearing date of January 21, 1926, copy of which is attached to first amendment of plaintiff as Exhibit `B'."