25967. BROOKS v. WILLIAMS et al.

SUBMITTED SEPTEMBER 14, 1970—DECIDED DECEMBER 3, 1970—
REHEARING DENIED DECEMBER 17, 1970.

*Perren, Lane & Sanders, John T. Perren,* for appellant.

*Arthur W. Fudger,* for appellees.

FELTON, Justice. The plaintiff in the trial court appeals from an adverse judgment in an action for ejectment and other relief.

Bertha Lee Brooks filed in the Superior Court of Paulding County a complaint against Lewis Williams, Charles R. Camp and by amendment J. C. Johnston, involving a tract of approximately 60 acres of land to which she claims title by virtue of events hereinafter referred to. The complaint alleged that the defendants are in possession of specified portions of this tract, and that the defendant Williams has committed stated acts of trespass upon it. The complaint, aside from other relief, prayed that the defendant Williams be enjoined from further trespasses and interfering with plaintiff's possession, that a writ of possession issue, that she recover specified amounts for trespasses, attorney's fees and costs

and general relief.

The defendants in their answers denied the essential allegations of the complaint, asserting that the plaintiff never had title to the land. They claimed title to their respective portions of the tract through transactions hereinafter detailed and also by adverse possession.

By agreement of the parties the case came on for a hearing before the trial judge upon consideration of the pleadings and a stipulation of the material facts.

Thereupon, the trial court entered an order rendering judgment against the plaintiff.

This appeal is from that judgment.

1. The pleadings and stipulation of facts by the parties show:

(a) That J. N. Barron owned the real estate, the subject matter of this litigation, at the time of his death, and that the will of J. N. Barron was probated in solemn form on October 2, 1917 in the Paulding County Court of Ordinary, and that such will contained the following devises:

"Item 3. I will to my daughter-in-law, Mrs. M. L. Barron, one half of the remainder of my property, my other, Miss Z. V. Barron, the other half of my property consisting of 100 acres of land, more or less, known and designated numbers 682, 610, one-half of lot being north half of lot 615, 3rd District of 3rd Section of Paulding County.

"Item 4. The above land is not to be sold at their death, but is to go to the bodily heirs of the said Z. V. Barron and M. L. Barron."

(b) That the real estate described in (a), above, included all of the real estate title to which is in dispute between the parties.

(c) That on October 2, 1917, Mrs. M. L. Barron, for the stated sum of $400 as consideration, executed and delivered a quitclaim deed conveying whatever title they had in and to the disputed lands.

(d) That on November 2, 1918, Z. V. (Barron), then Mrs. Z. V. Manning, executed a warranty deed to W. H. Barron, conveying to him the title to the disputed lands subject to the life estate reserved to Mrs. Z. V. Manning. The deed noted the marriage of Miss Z. V. Barron to Mr. Manning.

(e) That on May 12, 1945, Mrs. Z. V. Manning executed a deed to the property in question to defendant Lewis W. Williams. This deed contained the usual habendum and warranty clauses, but made no mention of any prior deed to W. H. Barron in 1918.

(f) That on March 24, 1954, W. H. Barron executed a warranty deed to the plaintiff, Mrs. Bertha Lee Brooks, conveying some of the disputed real estate for the stated consideration of $1.00, and containing the following words: "It is expressly understood that the grantor herein has a remainder interest in said land after the death of Z. V. Manning by virtue of a deed dated November 2, 1918, . . . that grantor herein only grants to the grantee herein fee simple title to said lands after the death of the said Z. V. Manning and after his own death in consideration of her having taken care of him during the years past and the further consideration that she will take care of him in the future."

(g) The other defendants claim under deeds from Lewis W. Williams, who obtained whatever title he acquired from Mrs. Manning on May 12, 1945.

(h) That Mrs. Z. V. Manning died on June 6, 1966, leaving one son, Benny F. Manning, as her sole surviving heir-at-law and that W. H. Barron died on March 15, 1956.

(i) The last stipulation is as follows: "It is further stipulated and agreed that the defendant, Lewis W. Williams, and his successors in title as herein stipulated went into possession of the real estate to which title is in dispute between the parties as herein described on or shortly following the delivery and record of his deed from Z. V. Manning on May 12, 1945, and has since remained in possession to the exclusion of all others, including the plaintiff Bertha Lee Brooks, claiming fee simple title to such real estate and that possession and the claim of fee simple title was known to W. H. Barron and Bertha Lee Brooks since 1945 and was known to Bertha Lee Brooks at the time of the death of Z. V. Barron Manning on June 6, 1966."

2. The court properly construed the will of J. N. Barron as willing a life estate in and to the lands in dispute with remainder over to the children of his daughter and daughter-in-law, to whom he devised life estates. *Code* §§ 85-504, 85-505. *King v. McDuffie,* 144 Ga. 318 (1) (87 SE 22); *Bristol Savings Bank v. Nixon,* 169

Ga. 282 (1) (150 SE 148).

3. Where the owners of only a life estate undertake to deed the fee simple title to realty, as the owners of the life estates did, the rights of the remaindermen attach, and the common grantor is the one who created the life estate. "Purchasers from a life-tenant hold under a common source with the remainderman or reversioner *the person creating the life estate being the common propositus.*" (Emphasis supplied.) Powell on Actions for Land (Rev. Ed.), Ch. 14, § 362, p. 426, citing *Dupon v. Walden,* 84 Ga. 690 (11 SE 451); *Brundage v. Bivens,* 105 Ga. 805 (32 SE 133); and *Brinkley v. Bell,* 126 Ga. 480 (2) (55 SE 18). The claimants in this case are not fighting over an interest each claims in a life estate granted to them. They are claiming fee simple (full and complete) title, so that they necessarily claim something in which the remaindermen only own a vested remainder interest, so that the question of who owns the remainder depends upon who owned the land which both sides claim, and that common grantor is J. N. Barron, the testator, and both sides admit that he owned it at his death. It is folly to say that the common grantor is an owner of a mere life estate, when she did not primarily attempt to convey a life estate but a whole fee simple, and when the other side is not interested in fighting over a life estate, but claim a full fee simple title. There is no foundation whatever for a contention that the owner of a life estate is a common grantor when neither of the grantees is contesting or claiming a life estate, but both are claiming under deeds to a remainder which the life tenants did not own and to which they only had a claim which they could ripen into a fee simple, and as against the remaindermen only, by the required adverse possession from the date of the death of the last life tenant in 1966, if he had then reached majority. No party to this case had a conveyance to a pure fee simple title. W. H. Barron, who was the grantee of merely a life estate for the life of Mrs. Z. V. Manning, could not reserve an additional life estate to himself, since that might result in an extension of his original life estate beyond the limits of the estate he possessed, i. e., for Mrs. Z. V. Manning's lifetime. The trial judge correctly decided that neither of the parties had the semblance of a claim of title as to the sole remainderman.

In the cases cited above, the remainderman was a party. He was a party because he was an indespensable party as his title was directly at issue. The fact that in this case the remainderman is not a party does not distinguish this case from those cited but merely emphasizes the fallacy that parties owning no title cannot contest title between themselves—nothing against nothing. The trial judge rendered the only judgment he could legally render— one against both parties. Without the remainderman as a party there was not a justiciable issue.for the court to decide. In effect the court decided that there was no issue to decide—since the remainderman was not a party.

4. The plaintiff's contention that the defendants are estopped by admissions in pleadings from disputing the fact that both parties claim under the common grantor, Mrs. Manning, who owned only a life estate in the disputed property, is unfounded. Paragraph 5 of the complaint in this case alleges: "Plaintiff and defendants herein named claim title to said land under a common grantor, Z. V. Manning, the defendant, Lewis W. Williams, having obtained a life estate, for and during the life of Z. V. Manning, by warranty deed from Z. V. Manning on May 12, 1945, which appears of record in Deed Book 3-E, etc., and the defendant, Charles B. Camp, being a successor in a title to Lewis W. Williams in a portion of the property involved." Even if the defendants had unqualifiedly admitted the common grantor allegation, the allegation was only a conclusion, completely false, as shown by the stipulation of the parties. In addition, the defendants, in answer to Paragraph 5 of the complaint, deny that they obtained a life estate. That is sufficient to show that the parties were not claiming under a common grantor who owned no more than a life estate when the contest in this case is over fee simple title—not a life estate.

5. Where a defendant defends an action involving title to realty, contrary to the unsupported claim of many, he can defend against the action by showing that the common grantor *at one time* in the past owned the true and full title to the property, but that the common grantor parted with title before the claim of plaintiff came into being. That seems to be the only exception to the rule that plaintiff or defendant must recover on the strength of his own title and cannot defend by showing an outstanding title in

another. In this case the defendants had exactly such a claim. They showed title at one time in J. N. Barron, that J. N. Barron devised the remainder interest to the only remainderman left, before the defendant's interest came into being, and that the fee simple title is now in the remainderman to which title no one else has one superior. We cannot "polish Powell" or "gild a lily," so we shall merely refer the reader to *Leverett v. Tift,* 6 Ga. App. 90 (3) (64 SE 317) and citations from this court.

The court did not err in finding against the plaintiff.

*Judgment affirmed. All the Justices concur, except Mobley, P. J., Grice and Undercofler, JJ., who dissent.*

GRICE, Justice, dissenting. The majority holding is based upon a misconception with reference to the rule of common source of title. It takes the position that the common grantor involved here was J. N. Barron, not Mrs. Z. V. (Barron) Manning, and then it makes decisive rulings on that incorrect premise.

However, the record shows that both the plaintiff and the defendants claimed under Mrs. Manning as their common grantor, and not under J. N. Barron.

Their own pleadings make that abundantly clear.

In this connection the plaintiff's complaint, paragraph 5, alleged in material part that "Plaintiff and defendants herein named claim title to said land under a *common grantor, Z. V. Manning,* the defendant Lewis W. Williams, having obtained a life estate, for and during the life of Z. V. Manning, by warranty deed from Z. V. Manning . . . and the defendant, Charles B. Camp, being a successor in title to Lewis W. Williams in that portion of land lot . . ." (Emphasis supplied.)

To that allegation the defendants' answers are quite significant. Those of the defendants Williams and Camp, paragraph 4 of *Third Defense,* alleged as follows: "Answering paragraph 5 of plaintiff's complaint, [named defendant] denies that he obtained a life estate and *admits the remaining allegations of said paragraph."* (Emphasis supplied.) The answer of the defendant Johnston, paragraph 4 of *Third Defense,* alleged as follows: "Answering paragraph 5 of plaintiff's complaint, defendant J. C. Johnston denies that the defendants obtained only a life estate." By not re-

sponding further he admitted the remaining allegations of said paragraph.

The majority contends the defendants' denial in their answer that they owned merely a life estate in the property in question is sufficient to show that the parties were not claiming Mrs. Manning as their common grantor. But in *Brinkley v. Bell*, 126 Ga. 480, 482 (55 SE 187), which is cited as authority for this opinion, the court stated in reply to such a contention: "If it appears either from the plaintiff's petition or from the defendant's answer that each party claims under a common source, this of course is sufficient to make the [common grantor] rule applicable to the case." See also *Florida Yellow Pine Co. v. Flint River Naval Stores Co.*, 140 Ga. 321, 322 (78 SE 900).

Furthermore, the record shows that the parties relied upon certain undisputed facts which constitute Mrs. Manning as their common grantor.

The plaintiff based her claim upon: (1) a 1918 deed from Mrs. Manning to W. H. Barron, reserving a life estate; (2) a 1954 deed from W. H. Barron to the plaintiff, recognizing the life estate of Mrs. Manning, and also reserving a life estate to himself; (3) the 1954 death of W. H. Barron; and (4) the 1966 death of Mrs. Manning. Each of the deeds was duly recorded.

The defendant Williams based his claim upon a subsequent 1945 warranty deed from Mrs. Manning to him which he claimed was without notice of the 1918 deed from her to W. H. Barron. The defendants Camp and Johnston relied upon later conveyances originating from the defendant Williams to their respective portions of the tract in question. All such deeds were properly recorded.

The defendant also relied upon title by prescription.

Since both sides claim under Mrs. Manning as their common source of title, the common grantor rule applies. As to this, *Code* § 33-101 provides ". . . where both parties claim under a common grantor, it is not necessary to show title back of such grantor." Moreover, "The reason on which this principle rests is that a defendant by claiming under plaintiff's grantor admits title in such grantor." *Mentone Hotel &c. Co. v. Taylor*, 161 Ga. 237, 243 (130 SE 527). See also *Smith v. Federal Land Bank*, 181 Ga. 1, 3 (181

SE 149); 44 AmJur 39, Quieting Title, § 49, including 1970 pocket part, p. 5; 74 CJS 113, Quieting Title, § 75 b (2); 74 CJS 44, Quieting Title, § 19.

The rule was clearly stated in *Greenfield v. McIntyre,* 112 Ga. 691, 697 (38 SE 44), that "As long as the defendant claims exclusively under the common grantor, he can not show an outstanding title in a third person, for he is estopped to deny the title of him under whom he claims."

Under the foregoing it becomes apparent that in cases such as the instant one, where both sides derive their claims to title from a common source, it matters not that the common grantor, Mrs. Manning, did not actually have the title.

Furthermore, the plaintiff here is not claiming the fee simple title. Her prayers are for injunctive relief, ejectment, damages and general relief.

In such contests this court has consistently held that ". . . the relative strength of the title derived from a common grantor should always determine the result . . ." *Felder v. Roberts,* 160 Ga. 799 (1a) (129 SE 99). And in *Wallace v. Jones,* 93 Ga. 419 (1) (21 SE 89), the court stated that it was not error to make ". . . the comparative strength of the plaintiffs' title and the defendant's title the ultimate test of whether there should be a recovery or not." See also *Sinclair v. Friedlander,* 197 Ga. 797 (30 SE2d 398).

In *Moore & Co. v. Daugherty, Allen & Co.,* 146 Ga. 176 (91 SE 14), this court held that "Where the plaintiff and the defendant claim title . . . from a common source, and the plaintiff's deed is the older, it is not necessary for the plaintiff to show title in the common propositus. If the older deed is not attacked, it will prevail over the younger deed." Headnote 1. The opinion repeated this and added, *"As between the plaintiffs and the defendants,* the plaintiffs are vested with *superior* title which would authorize a recovery for the alleged trespass." P. 178. (Emphasis supplied.) In my view, that case should control this one.

The excellent treatise referred to in the majority opinion, "Powell on Actions for Land," Revised edition, by Powell and Mitchell, §§ 361 and 362, pp. 423-427, covers the situation with which we are now dealing. We quote from pages 423 through 426.

"Until the contrary appears, it will be assumed by the court, in

a case respecting title to land, that the true title is to be involved, and that the maxim that the plaintiff recovers on the strength of his title and not on the weakness of the defendant's title, is to be fully applicable; but so soon as it is disclosed that there is a person from whom both the plaintiff and the defendant claim to have derived title the scope of the investigation narrows. It then becomes a contest in which the strength of the plaintiff's right as related to the true title is no longer necessarily involved; he thereupon relies upon the strength of his asserted rights relatively to the claims of title thus commonly originating, as between him and the defendant, in that person from whom both derive their claims—the common propositus, or common grantor, as he is called.

"If it appears that the plaintiff and the defendant both claim under a common grantor, or propositus, that common grantor or propositus will, for the purposes of the case, be treated as a true and original source of title; and the plaintiff may recover by showing legal title and right of entry as derived from that source. . .

"Where the same grantor has executed two deeds to the same land, and these in turn become links in rival chains, a plain case of common grantor is involved, and (except so far as the registration laws operate to change the result) the claimant holding under the older of the two deeds from the common grantor will ordinarily be considered as holding the legal title."

What is so ably said above is applicable to this case. Mrs. Manning was certainly a common grantor and the common source of title here, as both sides claim under her.

In summation, we have the situation which follows. Although in 1945 the defendant Williams paid for and received a warranty deed from Mrs. Manning to the property in question, he now disputes her title. He contends that in 1917 she acquired only a life estate under the will of J. N. Barron, and that therefore in 1918 she could convey only a life estate to W. H. Barron, the predecessor in title of the plaintiff. Under the above rule this position is clearly untenable. Williams and those claiming under him are estopped from maintaining it.

The decision to which the majority refers, *Leverett v. Tift,* 6 Ga. App. 90 (3) (64 SE 317) is not applicable here. There the common

grantor relied upon had long before sold the land, thereby creating an outstanding title in a third person. In the instant case Mrs. Manning, the common grantor relied upon, had not disposed of the property before executing the two deeds under which the two parties claimed.

The majority opinion seeks to inject the remaindermen under J. N. Barron's will into the disposition of this case. It argues that the true common grantor here is J. N. Barron, thereby including not only the plaintiff and the defendants, but also the remaindermen. But the remaindermen have no place here. They are not parties to this suit and no ruling made here could possibly affect their rights. They may assert whatever rights they may have in any action they may choose to instigate.

The mere fact that J. N. Barron was a common grantor in a common source of title situation that also includes the remaindermen does not preclude Mrs. Manning from being a common grantor as to the plaintiff and defendants in this case. A progressive search of any chain of title discloses more and more common grantors. Here it is significant that the parties claim under Mrs. Manning as their common grantor.

In my view the plaintiff, under the common source of title rule, had sufficient title to prevail. I refrain from dealing with whether she maintained her title in view of subsequent events, including the defendants' claim of title by prescription, since the majority did not treat such questions.

For the reasons given above, I would reverse the judgment.

I am authorized to state that Presiding Justice Mobley and Justice Undercofler join me in this dissent.